JOHN FLEMING *et al.,* Plaintiffs in Error, *v.* ALBERT JENCKS *et al.,* Defendants in Error.

### ERROR TO COMMON PLEAS OF CITY OF AURORA.

A court of law has power to order the opening of a judgment rendered upon a cognovit, where usury is alleged to constitute a part of the judgment, and hear the parties; and reduce the amount, or set the judgment aside.

THIS was a judgment by confession, on a note of hand for $1,370, dated Sept. 16th, 1857, payable sixty days after date, with interest at ten per cent., given by plaintiffs in error to defendants in error.

With the note was a warrant of attorney to any attorney of a court of record, to confess a judgment for amount due on note and costs, and $100, attorney's fee.

Judgment was confessed by an attorney for defendants, for $1,490, on the 10th November, 1857, in the Court of Common Pleas of Aurora, in the vacation after the October term of said court.

There was a motion to set aside the judgment, made by plaintiffs in error, on the 12th of October, 1858, at the October term of said court. The court ordered plaintiffs to indorse judgment and execution satisfied as to the sum of $100, the attorney's fee, on the ground that that amount was improperly included in the judgment, and that in all other things said judgment and execution stand confirmed.

The affidavit of plaintiffs in error states that a note was given by Fleming as principal and Dewey as security to defendants in error, on the 10th of April, 1857, for $730, due thirty days after date, with interest at ten per cent.

On the maturity of this note, to renew it, plaintiffs in error gave defendants in error a judgment note for $1,050, due thirty days after date, with 10 per cent. interest; that the difference in amount between the two notes, was made up of usurious interest.

On the maturity of the $1,050 note, another judgment note was given by same parties to same parties, for $1,159, due thirty days after date, with interest at 10 per cent. Note dated June 13th, 1857. Difference in amounts consisted of usurious interest.

On the maturity of the last mentioned note, another judgment note was given by the same parties to the same parties, for $1,192, due, with interest at 10 per cent., thirty days after date. Difference in amounts consisted of usurious interest.

On the maturity of the $1,192 note, another judgment note for $1,245, due thirty days after date, with interest at ten per cent., was given by same parties to same parties. Difference between notes consisted of usurious interest.

On maturity of $1,245 note, another judgment note, for $1,370, due sixty days after date, with interest at ten per cent., was given by same parties to same parties. Difference between notes consisted of usurious interest. Judgment confessed on this last note, under the power of attorney aforesaid, for $1,490, including the $100, attorney's fee.

There was a prayer to the court, that the judgment might be reduced the amount of the usurious interest, and ninety dollars of the attorney's fee.

Affidavit of Dewey, one of the plaintiffs in error, states that Bradley admitted to him that each of the notes was given to renew the previous one, and contains a prayer that execution may be stayed according to the statute, until further order of the court.

The defendants in error filed an affidavit in which they deny that the $730 note constituted any portion of the consideration, or was, in any way, connected with the note upon which the judgment was confessed; that the $730 note, after several renewals, was paid on the 18th September, 1857. They, however, make no denial in relation to the $1,050 note and the renewals, and the usury in relation to this and the notes subsequent to it, except by a general statement that there is not in the note on which the judgment was confessed, *such* usury and interest as is set forth in the affidavit of plaintiffs in error.

The bill of exceptions further states that the court so far sustained the motion, as to strike out of said judgment the attorney's fee, but overruled the motion as to the balance of said judgment for $1,490, and refused to reduce or set aside said

judgment to the extent of the usurious interest therein contained, or for any part thereof, or for any cause whatever; and the court also refused to open said judgment, so as to allow the defendants therein to plead to the declaration on any terms; to which opinion of the court, except as to striking out the attorney's fee, the defendants below excepted.

Errors assigned:

The court erred in not reducing the amount of the judgment to the amount actually due, exclusive of the usurious interest.

In not vacating the judgment, and in not allowing the defendants below to plead to the narr.

In not staying proceedings on the judgment till the defendants below could be heard in their defense to the suit.

Overruling motion of defendants below, in the part thereof which was overruled.

LELAND & LELAND, and MONTONEY & SEARLES, for Plaintiffs in Error.

G. GOODRICH, and O. D. DAY, for Defendants in Error.

CATON, C. J. An important question is now for the first time presented to this court, and that is, whether under any circumstances, we shall interfere with or examine the exercise of discretion by the court below in overruling a motion to set aside a judgment, entered by confession by an attorney, because usury entered into the consideration of the judgment. While the English courts have freely exercised this power of setting aside judgments thus entered, and for this cause, in some of the American courts, the application has been as uniformly refused, and the party turned over to the court of chancery. Where by the rules of law, as in England and New York, and some of the other States, the whole debt is forfeited if tainted with usury, we can see great propriety in the courts of law, when judgment is once fairly obtained, in turning a party over to a tribunal, by whose rules he could be compelled to do justice, by paying the amount actually due, with legal interest, and relieving only against the usury, although this consideration does not prevent the common law courts in England from interfering and setting aside the judgment; and as a general rule we may safely assume that these decisions are true expositions of the common law, by which our statute requires us to be governed.

Our statute of usury has to a great extent, adopted the rule of equity above referred to, differing only in this, that it compels the defendant only to pay the principal sum loaned, while the court of chancery would in general compel him to pay the

principal with legal interest. There is nothing in the rigor of our statute, although slightly differing from the rule of chancery courts, which would justify us in saying that the English decisions are not in conformity to the common law, and repudiate them, or which should even create a reluctance on the part of the common law courts, to exercise the same, discretion in this as in other cases. Even if the English decisions were the other way, we might with great propriety say, that our statute is so much more lenient than that of England, that it would justify and even require the exercise of a more liberal discretion, in admitting the defense of usury, than where the whole debt is forfeited, when usury is established. We may however, in a court of law, exercise a further equitable power for the security of the creditor, by allowing the judgment to stand, till after the question of usury shall have been tried, and then if the verdict shall require it, reduce, or set it aside altogether. On motions of this kind, this power rests with a court of law. *Lake* v. *Cook*, 15 Ill. R. 353.

The order overruling the motion will be reversed and the cause remanded, with directions to allow the defendant to plead to the merits. In the meantime, the judgment will be continued in force, but further proceedings on it will be stayed till the final determination of the issue to be formed.

*Judgment reversed.*