## GORDON N. ROUNDY, Assignee of William S. Atcherson, Plaintiff in Error, *v.* BELA T. HUNT, Defendant in Error.

### ERROR TO KANE.

Affidavits in support of a motion should be set out in the bill of exceptions.

The statute regulating judgments by confession in vacation in the Kane Circuit Court, requires the plaintiff to file with the clerk a declaration, a warrant of attorney to confess judgment, with an affidavit of its execution, and a plea of confession. The clerk has no judicial authority to pass upon their sufficiency.

If papers purporting to be in conformity to the practice are filed, he must enter the judgment, and if they are insufficient to warrant the confession, the defendant may apply to the court, when in session, to have the order vacated, and from the decision of the court on that application, the parties may prosecute error to this court.

When such judgments are confessed in a court, it is evidence that the authority to confess the judgment was judicially passed upon by the court, but a judgment confessed in vacation creates no such presumption.

When a warrant of attorney confers authority, in a certain contingency, to confess judgment on a note, before it is due, the record must show that the specified contingency had happened, otherwise a judgment is unwarranted.

PLEAS in the Circuit Court of Kane county, in vacation, after the May term, 1858.

Sept. 21, 1858, there was filed in said court a note, warrant of attorney, affidavit, declaration, and cognovit.

Copy of note, as follows :

*St. Charles, Dec.* 16, 1857.

$1,824 41-100.

One year after date I promise to pay to B. T. Hunt, or order, at his office in St. Charles, eighteen hundred and twenty-four 41-100 dollars, for value received, with interest.

(Signed) W. S. ATCHERSON.

Copy of warrant of attorney : " Know all men by these presents, that whereas, the subscriber is justly indebted to B. T. Hunt, upon a certain promissory note, bearing even date herewith, for the sum of eighteen hundred and twenty-four 41-100 dollars,

made payable to the said B. T. Hunt, or order, and due one year after date, at six per cent. interest.

" Now, therefore, I do make, constitute and appoint W. D. Barry, or any attorney of any court of record, to be my true and lawful attorney, for me and in my name, place and stead, to appear in any court of record, in term time or vacation, in any of the States and Territories of the United States, at any time after the said note may have become due, or before the said note becomes due, if the said B. T. Hunt or his assigns shall believe there is danger of losing the said sum secured by said note, waive service of process, and confess judgment," etc.— concluding with the usual form, dated Dec. 16, 1857, signed W. S. Atcherson.

The following is a copy of the affidavit:

STATE OF ILLINOIS, $\}$ *ss.*
    KANE COUNTY, $\}$

  Adam S. Vanvorst, being duly sworn, on oath says, that he has seen William S. Atcherson write, and knows his handwriting; and this affiant further says, that the signatures to the within note are the genuine handwriting of the said William S. Atcherson.

               (Signed)                   A. S. VANVORST.

Subscribed, etc.

Declaration and cognovit in the usual form.

Sept. 21, 1858, judgment entered in said cause for $1,930.50.

The record recites, that the execution of the power of attorney was duly proven, and judgment was confessed by an " attorney in fact."

At the November term of said Kane Circuit Court, Gordon N. Roundy, assignee of Wm. S. Atcherson, enters his motion, supported by affidavit, to quash said execution and to set aside the said judgment.

Dec. 24, 1858. This motion being heard, it is ordered by the court that said judgment be opened, and the defendant be allowed to file his pleas, and defend said suit, upon condition that he file his bond, in penal sum of $1,800, with security, etc., conditioned for the payment and satisfaction of whatever judgment may be obtained by plaintiff against him upon trial of the suit.

The following are the errors assigned:

1. It was error to enter up judgment by confession against the said William S. Atcherson and in favor of said Bela T. Hunt, on said note, without its appearing affirmatively of record that the execution of the power of attorney to said note attached · was first duly proven.

2. The attorney named in said power of attorney had no authority to confess judgment on said note before the same became

due, only in case the said Hunt should believe there was danger of losing the sum secured thereby; and it was error to enter judgment as aforesaid upon said note before the maturity thereof, without an averment in the said Hunt's declaration that he believes there was danger of losing the sum secured by said note.

3.   Upon the motion of the plaintiff in error to quash the execution, and to set aside the said judgment, the court, in allowing the said motion, erred in affixing the condition that the defendant should file his bond to the plaintiff, with security, conditioned for the payment and satisfaction of whatever judgment might be obtained by the plaintiff against him upon the trial of said suit.

EASTMAN & BEVERIDGE, for Plaintiff in Error.

W. D. BARRY, for Defendant in Error.

WALKER, J.   The affidavits used on the hearing of the motion in the court below, are not embodied in a bill of exceptions, and therefore form no portion of this record, and will not be considered.   The assignment of errors is upon the whole record, and questions the regularity of the confession of the judgment. There was filed in the clerk's office, an affidavit proving the signature to the note, but none proving the execution of the warrant of attorney to confess judgment, although the order of the clerk, rendering judgment, recites that it was duly proved. The question is then presented, whether the clerk may hear evidence and determine the sufficiency of the proof of the execution of the power of attorney.

The 2nd section of the act of 16th February, 1857, (Scates' Comp. 637,) regulating the practice in the Kane Circuit Court, provides that judgments by confession, may be entered at any time in the vacation before the clerk, by filing the proper papers with him, and that such judgment shall have the same effect as if rendered at a term of court.   As a condition to the right to confess a judgment in vacation, the proper papers must be filed with the clerk.   This requirement of the statute, could have referred alone to the established practice in cases of confession of judgments, in courts of record.   That practice requires the plaintiff to file a declaration on his cause of action, that he shall file the warrant of attorney with proof of its execution, and a plea of confession.   These, under the practice, constitute the proper papers to authorize the confession of a judgment.   And the legislature has not conferred upon the clerk the power to hear evidence, and determine whether the warrant of attorney was duly executed.   Nor does the act make him the judge of

the sufficiency of the papers when filed. It only authorizes him to require papers to be filed which purport to be in conformity to the practice. If the plaintiff should fail to file a declaration, a warrant of attorney, with an affidavit of its execution, and a plea of confession by the attorney, the clerk should refuse to enter the judgment. But when these papers are filed, he should enter the judgment, and if they are insufficient to warrant its confession, the defendant has his remedy by applying to the court, when in session, to have the order vacated, and from the decision of the court on that application the parties may prosecute error to this court.

As the clerk cannot, under our constitution, exercise any judicial power, he cannot determine the legal sufficiency of the papers required by the statute, to be filed before the judgment is confessed. This being the case, the legislature must have designed that the defendant should have the right to have their sufficiency passed upon by the court, if he should feel himself aggrieved. They must, therefore, have intended that when the papers required by the statute, were filed with the clerk, that they should thereby become a matter of record. The statute only authorizes the filing of proper papers, and as the clerk has no power to make a bill of exceptions, to have them passed upon by the court, they must be regarded as matter of record. If they were not intended to become a matter of record, the warrant of attorney could not be shown to justify the confession of the judgment. When such judgments are confessed in a court, it is evidence that the authority to confess the judgment was judicially passed upon by the court, but a judgment confessed in vacation creates no such presumption, as the same intendments are not indulged to sustain ministerial, as are in favor of judicial acts.

It is a rule of general application, that all powers not coupled with an interest, must be strictly pursued in their execution. Here was a power to confess a judgment before the maturity of the debt, upon the happening of a specified contingency. The judgment was confessed before the note fell due, and the record fails to show that the contingency had happened, which authorized the entry of the judgment. The declaration on its face shows no cause of action, but sets out a note not then due by its terms, and it contains no averment to show that a judgment was authorized. The warrant of attorney, it is true, contains a provision that in case Hunt should believe that there was danger of losing the sum mentioned in the note, then a judgment might be confessed before the note fell due. But it is nowhere averred, nor does it appear, that Hunt had become apprehensive of such loss, or that he even knew that the judg-

ment was confessed. Before the judgment could be legally confessed, Hunt must have feared the loss, and that should have appeared in the record. There were no other conditions upon which the judgment could be confessed, before the maturity of the note. We are, therefore, of the opinion that the judgment was unwarranted, and should have been vacated, and the execution and levy quashed.

The order of the court below, conditionally setting aside the judgment, is reversed, and the cause is remanded, with leave to plead. .

*Judgment reversed.*