344 OTTAWA,

Hinds *et al. v.* Hopkins.   Young *v.* Earle.

ORVIS C. HINDS *et al.*, Plaintiffs in Error, *v.* MYRON HOPKINS, Defendant in Error.

DELOS W. YOUNG, Plaintiff in Error, *v.* CHARLES C. EARLE, Defendant in Error.

ERROR TO KANE.

A judgment cannot be confessed on a warrant of attorney, which had been exe-cuted more than a year and a day, unless an affidavit is filed, showing that the maker is alive, and that the debt or some portion of it is still due; and a rule of court or an order of a judge in vacation must be obtained, granting leave.

A writ of error may be obtained to review a judgment by confession; save where the authority to confess is sufficient, and the record, by proof or legal pre-sumption, shows the debt to be due.

HOPKINS, on the 22nd day of June, 1860, filed his declara-tion in the Kane Circuit Court, counting on a note, bearing date May 13, 1859, due in one year, for $843, payable to O. D. Day, and by him assigned to plaintiff, with interest, at ten per cent., and common covenants.

On the same day he filed the note for $843, due in one year, bearing date May 13, 1859, payable to O. D. Day, and by him assigned to Hopkins. There was a power of attorney in ordinary form, dated May 13, 1859. Affidavit of signature by E. R. Allen, May 30, 1860. Cognovit in due form, filed June 22, 1860, confessing judgment in favor of plaintiff for $956 and costs; judgment for $956.

The errors assigned are:

Court erred in giving judgment by virtue of power of attorney, made to Day in favor of plaintiff, the same not being assignable.

The court erred in entering judgment on power of attorney over a day and a year old, without proof that parties are living and debt unpaid.

In the Circuit Court of Kane county, at the February term thereof, 1861, on the 6th day of March, 1861, the same being one of the court days of the said February term, Earle filed in the clerk's office of the said Circuit Court, a declaration in assumpsit with a special count on a promissory note, the note bearing date January 30, 1860, at Aurora, Illinois, and given by the plaintiffs in error to Albert Jenks & Co., for $612.50, and payable one year after date, with interest at ten per cent. per annum, and by Albert Jenks & Co. indorsed to the defendants in error.

On the same day, the plaintiffs in error, by their attorney, filed a cognovit, signed by an attorney for them, confessing judgment against them in favor of said Charles C. Earle, for $698.85, which included $20 attorney's fees, for which amount judgment was entered upon the said 6th day of March, 1861, and costs of suit, and an order for execution made.

At the following May term of said Circuit Court, the plaintiffs in error made their motion in said court, first, to vacate the said judgment, or failing in that, then, secondly, to open the said judgment and allow the plaintiffs in error to plead. The court overruled said motions, and the plaintiffs in error then prayed an appeal to the Supreme Court, which was denied, to which denial the defendant below excepts.

This power of attorney bears date January 30, 1861, and the note was indorsed as above stated. This judgment note was filed March 6, 1861, and on the back of said judgment note there is the affidavit of Lewell W. Brown, proving the signatures of the said Benjamin F. Parks, and the said Delos W. Young, and also an affidavit of Jesse Brady proving the signature of Addison H. Albee.

B. F. PARKS, for Plaintiffs in Error, Hinds.

This court declared, in the case of *Sherman v. Bradley,* 11 Ill. 722, that the note and power of attorney were one contract. It had to be done because the judgment was entered up on note before due.

The Supreme Court of Pennsylvania have decided that a note containing a power of attorney was not a negotiable instrument. 3 Barr's Pa. R. 344.

The judgment was rendered by virtue of the power of attorney more than a day and a year old. The power of attorney bears date May 13, 1859. The judgment was rendered June 22, 1860. The only proof in relation to the power, is the affidavit of Allen of signature ; no proof that parties are living and debt unpaid. To authorize the entry under the law, there should be that proof. The law is settled upon that question, and there is no conflict of authorities. Sellon's Practice, page 370, top-paging, title " C."; *Man. & Mech. Bank of Philadelphia v. St. John,* 5 Hill, 497, and authorities therein referred to ; 1 Dunlap's Pr. 365 ; —— v. *Hobson,* 1 Chit. R. 314, and note ; *Lushington* v. *Waller,* 1 H. Blackstone, 94.

MONTONY & SEARLES, for Plaintiffs in Error, Young, and others.

The court should have vacated the judgment, for the reason that the judgment was not entered up within a year and a day from the date of the warrant of attorney; and that there was no affidavit proving that at the time the said judgment was entered up, the debt, or some part of it, was then due, and

that the parties were then alive. *Manufacturers' and Mechanics' Bank of Philadelphia* v. *St. John,* 5 Hill, 497, and the cases therein cited.

The court should have let the defendant below into a defense upon the merits of the case, for the case, at least, is involved in doubt, and the testimony is so conflicting that the truth cannot be ascertained with reasonable certainty ; and it was not necessary for the court below to determine whether the proof introduced on the hearing of the motion, established this defense. It is sufficient to say that it strongly tends to that conclusion, and enough was shown to require an issue to try the question. *Lake* v. *Cook,* 15 Ill. 353, and the cases there cited.

The court should have vacated the judgment, for the reason that the note and warrant of attorney must be taken together, as one instrument of writing; (*Sherman* v. *Baddely,* 11 Ill. 622) ; and that as such entire instrument of writing, it is not negotiable under our statute; (see Scates' Statutes, at pages 291, 292); and not being negotiable, judgment could not be confessed thereon in favor of Charles C. Earle, under an indorsement from the payees of the judgment note. 3 Barr. R. (Pa.) 316 ; 19 Ohio R. 150.

PLATO & SMITH, for Defendant in Error, Hopkins.

WHEATON & BROWN, for Defendant, Earle.

The position of the plaintiffs in error, that the warrant of attorney, being more than a year and a day old, there should have been filed, at the time of entering the judgment, an affidavit that the debt was unpaid, and that the defendant was living, in order to authorize the court to enter up judgment, is untenable so far as the practice in this State is concerned.

The *established* practice in this State, in cases of confession of judgment in courts of record, is, and always has been, for the plaintiff to file a declaration on his cause of action, that he shall file the warrant of attorney, with proof of its execution, and a plea of confession. These, under the practice, constitute the *proper papers* to authorize the confession of a judg-

ment; and no other papers have been used or considered necessary in this State to authorize the confession of a judgment, be the power of attorney more than a year and a day old or not.

This court recognizes the above as the settled and established practice; and the declaration, warrant of attorney with proof of its execution, and the cognovit, as the necessary and proper papers to authorize a judgment by confession. *Roundy, Assignee, etc.* v. *Hunt,* 24 Ill. 600.

The court should not now interfere with, or alter, what has been the universal and established practice in this State, and thus vacate and nullify a large number of judgments which have been entered in accordance with such practice, and destroy titles and vested rights under such judgments.

The English practice referred to by the plaintiffs in error, requiring an affidavit that the debt is unpaid, and the defendant living, and an order of court where the warrant is more than a year and a day old, is founded on a *special rule* of the Court of King's Bench.   1 Tidd's Prac., Am. ed., p. 553.

And in Sellon's Practice of the Court of King's Bench and Common Pleas, vol. 1, page 380, (1st Am. ed.,) the reason for the rule is given as follows : "The judgment may be entered up, without leave, any time within the year.  If, therefore, the party dies within the year, judgment will appear to be entered *within* his lifetime; for, if he dies in term, it will relate to the first day of the term, and if in vacation, it may be entered as of the preceding term; but, after the expiration of the year, judgment must be entered as of that term in which he has leave.  It is necessary, therefore, that it should appear to the court granting leave, that the defendant be alive ; but, if alive during the term, it is sufficient, because judgment entered of that term will bear relation to the first day of the term; and though, in fact, entered after the party's death, it will be consistent."   Quotes *Fuller* v. *Joslyn,* 1 Bar. 357.

And again.: " And the relation of the judgment to the first day of the term is so material, that if on that day the party who entered up judgment appears not to have had authority to do so, though at the time he signed and entered up judg-

ment he had authority, it will be bad." 1 Sellon's Practice, p. 380 ; with which there is no parallelism in our practice ; and the English practice and rule is altogether different from our practice ; as in our State, judgments, if entered in term time, bear relation to, and have force and effect from, the last day of the term, and, if entered up in vacation, take effect from, and bear relation to, the actual day on which they are entered up. The reason of the rule, therefore, does not exist in our practice.

And again, the English practice is entirely different from ours as to the manner of entering up judgments on warrants of attorney ; to wit : " If judgment is to be entered up in term, it is a motion, of course, signed by counsel ; if in *vacation, the judge* on affidavit being brought to him, will make an order. This is upon the supposition that the judgment be entered within a year and a day ; if not, leave of *the court* must be obtained, as before mentioned." 1 Sellon's Prac., p. 381.

Again, in English practice, judgment notes are unknown. There, warrants of attorney always authorize judgments to be entered up immediately, or at any term, and are given to secure a debt already due. With us, the note may run two or three years or more, with warrant of attorney attached, authorizing a confession of judgment after the note becomes due ; the warrant of attorney being dated at the same time of the note.

The New York practice is nothing more than a copy of the English rule, and has no more applicability to our practice than the English has.

The act of the 15th of February, 1857, (Scates' Comp., p. 637), regulating the practice in Kane Circuit Court, provides that judgments, even in vacation, by confession, may be entered by filing the proper papers, etc. ; and this court, in *Roundy, Assignee, etc.* v. *Hunt,* 24 Ill. 601, decides what the proper papers are.

This judgment was confessed in court ; and it is evidence that the authority to confess the same was judicially passed upon by the court. *Roundy, etc.* v. *Hunt,* 24 Ill. 601.

The Circuit Court of Kane county did not err in refusing·

to open the judgment, and let the defendants therein in to plead usury.

Courts possess an equitable jurisdiction over judgments by confession on note, or bond, and warrant of attorney, (15 Ill. 354); and the rule relative to the exercise of that discretion is, that, "if the case is involved in doubt on the testimony, so contradictory that the truth cannot be ascertained with reasonable certainty, an issue should be directed to try the question." 15 Ill. 356.

Now the true principle and test of the rule for the exercise of such discretion is this: "The contradiction, which will induce the court to direct a feigned issue, must not be such as arises only from the assertion of one party, and the denial of another; for, if the plaintiff's affidavit positively contradicts the allegations in the defendant's affidavit, and no other testimony is produced, the court will not interfere in any way; but it is where the subject is rendered doubtful and obscure by the evidence of third persons, that the court will send it to a jury to be tried." Dunlaps' Practice, vol. 1, (Albany ed. 1821), p. 369.

WALKER, J. These cases involve the same question, and will be considered and determined in one opinion. The judgments were confessed on warrants of attorney more than a year and a day after the warrants were given. The record fails to show that there was filed any affidavit in either case, that the makers of the notes were living, or that the debts, or some portion of them, were still due and unpaid. By the well recognized practice in Great Britain, after the expiration of a year and a day from the execution of a power of attorney to confess a judgment, such an affidavit must be produced, and a rule of court, or an order of a judge in vacation, must be obtained, granting leave to enter judgment before it can be confessed. *Lushington* v. *Waller*, 1 H. Blk. 94; Anon., 6 Mod. 212; *Oades* v. *Woodward*, 7 Mod. 93; Tidd's Pract. 492, 552-3, 599. The same practice obtains in New York. 5 Hill, 497.

The English practice having been adopted as the basis ol

ours, and being recognized by our courts, unless altered by legislative enactment, it is regarded as binding on our courts, with such modifications as our different circumstances and usage has rendered necessary. The reasons which induced the British courts to adopt such a rule of practice would seem to apply with equal force in our courts. After a year has elapsed, the court should be informed that the debtor is still living, and that the debt, or at least some portion of it, is still unpaid. This is necessary to prevent great and almost irreparable frauds in many cases. The judgment is rendered without notice, or opportunity to be heard in presenting any defense which may have occurred after the warrant of attorney has been executed. Nor can he know what attorney will be called upon to confess the judgment, when the power is general, and if he have a perfect defense, he may be deprived of the opportunity of making it, or even giving notice to the attorney, of its existence. Thus meritorious defenses may be cut off, and great injustice perpetrated. The practice requiring proof that at least some portion of the debt remains unpaid, is well calculated to promote justice, and should obtain in our courts, unless the confession is made within the year and a day.

It is, however, urged that the twenty-seventh section of the practice act, prevents any appeal or writ of error from being prosecuted on a judgment confessed. That section allows such a judgment to be confessed, " for a debt *bona fide* due." If it fails to appear that the debt is due, then the court is not warranted in permitting the confession to be made. *Hall* v. *Jones, ante,* p. 54. If a power of attorney has been executed within the year, and its execution has been proved, then the mere confession of the attorney proves that the debt is due, and authorizes the entering of the judgment. But if the warrant of attorney has been executed more than a year, it does not appear, by the confession of the attorney, that the sum is unpaid. That must be established by evidence, embodied in an affidavit, filed and preserved as a part of the record. This is essential to the regularity of such a judgment.

Nor does this section prevent a review of the case on error, when it fails to appear that the debt is due. The judgment would be no more binding than if the warrant of attorney was insufficient, and may be reviewed on error. The right to maintain error is only cut off when the authority to confess judgment is sufficient, and the record, by proof or by legal presumption, shows the debt to be due. Any other construction would be highly calculated to work great injustice, as there could be no remedy in case a judgment was fraudulently entered except by bill in equity. This, we think, was not the design of the General Assembly.

The judgments of the court below are therefore reversed, and the causes remanded.

*Judgments reversed.*