Hall *v.* Jones.

# MYRON V. HALL
## *v.*
# JOHN JONES.

1. JUDGMENTS BY CONFESSION — *jurisdiction of courts of law.* Courts of law exercise an equitable jurisdiction over judgments entered by confession upon bonds or notes, accompanied by warrants of attorney; and it will be exercised liberally in proper cases.

2. SAME — *for what cause they are opened, and upon what conditions.* Such judgments are often opened, for the purpose of letting in a defense the party was precluded by accident, fraud, or otherwise, from making at the proper time, whilst the judgment itself is not vacated until the merits are determined in favor of the defendant.

3. Where the note upon which judgment is confessed, the warrant of attorney under which the confession is made, the cognovit and the judgment, all correspond in amount, a variance in that regard between the declaration and the judgment, will not avail on a motion to vacate the judgment.

4. Where the name of an attorney was signed to a cognovit by a third person, without his knowledge, the cognovit will be held valid until repudiated by the attorney whose name is signed to it.

5. SAME — *delay in application to vacate such judgments.* Such applications should be made at the earliest opportunity. They have slight claims to a favorable consideration after the lapse of years.

Hall v. Jones.

6. And after a lapse of nearly three years, and the delay unaccounted for, much will be presumed to sustain the judgment, especially when no merits are shown.

7. SAME — *of the proof of execution of power to confess.* A note was executed by Hall & Brother. A power of attorney to confess a judgment upon the note was written on the same paper, and executed by one of the makers of the note only. On the back of it was this affidavit: "Charles Patten, being first duly sworn, doth depose and say that he is well acquainted with the handwriting of Hall & Brother, and that he believes that the signatures to the within note and power of attorney, to be true and genuine." This was held to be sufficient proof of the execution of the power of attorney. It was immaterial, for such a purpose, how the affiant acquired his knowledge of the handwriting; it was sufficient that he swore he was well acquainted with it.

8. But when a judgment is confessed in open court, it is a legal presumption that the authority to confess it was judicially passed upon by the court.

9. PAROL EVIDENCE — *under plea of former recovery.* Where the amount declared for in a proceeding for entering a judgment by confession under a letter of attorney is "thousand dollars," the note declared upon being for two thousand dollars, and judgment entered for the same amount, this judgment may be pleaded in bar of another recovery upon such note, and parol proof would be admissible if necessary to establish the identity. Under the plea of former recovery parol proof is often resorted to for such purposes.

10. FORMER RECOVERY — *of the evidence that will establish the plea.* But in such case, the note, warrant of attorney and cognovit, all being for the true amount, and corresponding with the judgment in that regard, would, of themselves, prove the identity, and show that the discrepancy between these and the declaration was a mere clerical error.

11. NOTE PAYABLE ON DEMAND — *whether demand necessary.* Where a note is payable on demand, the commencement of a suit upon it is held to be a demand.

12. SAME — *waiver of demand.* Where a power of attorney was given to confess a judgment upon a note payable on demand, and authorizing a cognovit to be filed containing a release of all errors which might intervene in the entering up of the judgment, it was held the cognovit was a waiver of a demand upon the note, even if a demand were necessary.

13. ERROR — *objection too late.* But such an objection comes too late on error; it does not go to the merits, and should have been made when the judgment was entered, or as soon thereafter as counsel could be heard, on a motion to vacate the judgment for that cause and on that ground.

14. PRESUMPTION — *in favor of judgment.* Where a judgment is confessed upon warrant of attorney, in open court, it is a judicial act, and it must be presumed the court had sufficient evidence before it to justify the rendition of the judgment.

15. RELEASE OF ERRORS — *confession of judgment.* Where a judgment is confessed upon warrant of attorney, a cognovit being filed releasing all errors which

might intervene in the entering of the judgment, the confession is, of itself, an operative release of such errors; no formal plea of release is necessary.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

The facts of this case are sufficiently set forth in the opinion of the Court.

Messrs. C. J. METZNER and E. A. STORRS, for the plaintiff in error.

Messrs. B. F. PARKS and LELAND & BLANCHARD, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Courts of law exercise an equitable jurisdiction over judgments entered by confession upon bonds or notes accompanied by warrants of attorney, and it is necessary, to satisfy the demands of justice, that they should possess it, and exercise it liberally in all proper cases. Judgments so entered up, are often opened, for the purpose of letting in a defense the party was precluded by accident, fraud or otherwise, from making at the proper time, whilst the judgment itself is not vacated, until the merits are determined in favor of the defendant. Such applications should be made at the earliest opportunity. They come before the court with slight claims to a favorable consideration after the lapse of years. *Lake* v. *Cook*, 15 Ill. 353. This record shows that on the 17th November, 1860, Hall and Brother executed a note to the defendant, payable on demand, for two thousand dollars with interest at ten per cent. after due; and on the same day executed a warrant of attorney in the name of Hall and Brother, reciting the execution of the note, and appointing any attorney of any court of record to be their true and lawful attorney irrevocable, for them and in their names, places and stead, to appear

in any court of record in term time or in vacation, at any time from and after the date of the warrant, to waive the service of process and confess a judgment in favor of the defendant in error or his assignee, upon this note, for the above sum or for so much as might be due on it, and interest thereon to the day of the entry of the judgment, together with all costs, and twenty dollars attorney fees, and also to file a cognovit for the amount that might be so due, with an agreement that no writ of error or appeal should be prosecuted upon the judgment to be entered by virtue thereof, nor any bill in equity filed, &c., and to release all errors that might intervene the entering up of the judgment or issuing the execution, &c.

This warrant of attorney was executed by M. V. Hall only, and was on the same paper with the note; immediately following it, and on the back of it was this affidavit: Charles Patten, being first duly sworn, doth depose and say: that he is well acquainted with the handwriting of Hall and Brother, and that he believes that the signatures to the within note and power of attorney to be true and genuine.

On the 20th of November, 1860, there was filed in the Kane Circuit Court, a declaration of one count, alleging, in substance, that on the 17th day of November, 1860, the defendants made their certain note in writing and delivered it to the plaintiff; by which the defendants, by the name and style of Hall and Brother, promised to pay the plaintiff the sum of thousand dollars on demand, with interest, after due, at ten per cent., for value received. The damages are laid at three thousand dollars. With this declaration was filed the note and warrant of attorney, and also a cognovit, signed by an attorney of the court. This cognovit is in the name of M. V. Hall alone, and is in the usual form, following, substantially, the warrant of attorney executed by M. V. Hall, and judgment confessed for two thousand dollars, and the attorney's fee of twenty dollars, the whole amounting to two thousand and twenty dollars, and the costs. For this amount judgment was entered up against M. V. Hall, together with the costs.

On the tenth of February, 1863, at a Term of the Kane Circuit Court then held, a motion was entered by the defendant M. V. Hall, to vacate this judgment, on the affidavits of Daniel B. Waterman, James Harrington and C. J. Metzner, the defendant's attorney.

The affidavit of Waterman states that he is well acquainted with the firm of Hall & Brother, and on the 17th of November, 1860, it was composed of Myron V. Hall and Philip A. Hall.

The affidavit of Harrington is as follows:

"James Harrington being first duly sworn, on oath doth depose and say that sometime previous to the entering up of the judgment herein, C. B. Wells, plaintiff's attorney, came to the office of A. M. Harrington, where this affiant then was, and presented to this affiant three blank cognovits and requested this affiant to sign the name A. M. Harrington, as defendant's attorney, to the same, stating that he had accommodated the said A. M. Harrington, before, in the same way, and that if your affiant would so sign the said cognovits as said Wells requested, it would be all right; that after some hesitancy on the part of this affiant, this affiant did sign said three blank cognovits with the name of A. M. Harrington, as defendant's attorney, the signing of which was wholly unknown to, and without the permission of, A. M. Harrington, that one of said blank cognovits was afterwards and unbeknown to this affiant, filled up and used in this cause; and further deponent says not."

The affidavit of Metzner is to the point that Patten's affidavit on the back of the note and warrant of attorney, was the only proof of the execution of the warrant of attorney on which the judgment was entered.

The court overruled the motion, and the defendant excepted, and brings the case here by writ of error, assigning this denial of the motion as error.

It is insisted by the plaintiff in error, that inasmuch as the declaration is for one thousand dollars, and the judgment for two thousand and twenty dollars, this judgment could not be

pleaded in bar of a recovery in another action on the note, the declaration in such action counting on a note, for two thousand dollars, and that parol evidence could not be admitted to show that the judgment was in fact upon this note.

In the first place, the note is not described in the declaration as for *one* thousand dollars. In the next place, if it was, it was a variance merely, which the party cannot avail of on this motion. Nor is it true, that this judgment could not be pleaded in bar of another recovery on. this note, or that parol proof could not be admitted to prove the identity. Under the plea of a former recovery, parol proof is often resorted to for such purpose. But, be that as it may, the note, warrant of attorney and cognovit, which are all a part of the files of the court, establish the identity, and show that into the declaration a clerical error has entered. This is such an error as the cognovit releases, and cannot be available here.

It is next insisted that the judgment was prematurely entered. This is not so. The note was dated Nov. 17, and payable on demand. The judgment was not entered until the 20th, three days after the note was due. But the plaintiff in error insists an actual demand should have been made before the judgment was entered. The commencement of a suit is held to be a demand which the party waived by his cognovit. That, and the recitals and promises in it, should operate at least as a waiver of a demand. But if a demand was necessary, it is now too late to make the objection. It does not go to the merits and should have been made when the judgment was entered, or as soon thereafter as counsel could be heard on a motion to vacate the judgment for that cause and on that ground. If it was error to take the judgment without first demanding payment, it is cured by the confession of the judgment, which is within the power granted by the warrant of attorney.

The next objection is that there was no proof of the execution of the warrant of attorney. The affidavit of Patten is full to the point that he was well acquainted with the handwriting of the firm of Hall & Brother, and that the signature

to the note, and to the warrant of attorney were genuine. It is immaterial how he acquired the knowledge of the handwriting, it is sufficient for the purposes of this case, that the affiant was willing to swear and did swear that he was well acquainted with the handwriting. This affidavit includes as well the signature of M. V. Hall to the warrant of attorney, as that of Hall & Brother to the note.

As this motion was made near three years after the judgment was entered, it would be difficult for the court hearing the motion, to certify what testimony was before the court rendering the judgment. We do not understand the court, in this bill of exceptions, to certify that no other evidence was before the court in 1860, than that specified. The judge merely states that Mr. Metzner, the defendant's counsel, made an affidavit that there was no other testimony. That amounts to nothing. The confession was in open court, and the judgment was a judicial act done in open court, and it must be presumed the court had sufficient evidence before it to justify the rendition of the judgment. At this late day, after the inexcusable *laches* of the defendant, and the delay unaccounted for, much will be presumed to sustain the judgment of the court, and the more especially as the defendant has not attempted to show any merits, or that he has been deprived of any legal defense.

The cognovit signed by A. M. Herrington, an attorney of the court, was valid and effective, until repudiated by him. He has never repudiated it, and no exception can be taken to it, as it is in precise conformity to the power granted by the warrant of attorney.

But a conclusive answer to all the objections urged here is, that this judgment was confessed in open court, and it is a legal presumption that the authority to confess it was judicially passed upon by the court. *Roundy* v. *Hunt*, 24 Ill. 598.

If there be any errors, they were released by this confession, and no formal plea of a release is necessary. The confession of the judgment is, of itself, an operative release, and effectual for all purposes. No meritorious defense to this note has been set up, no errors we can notice have been pointed out, and

we are satisfied the Circuit Court properly refused the motion to vacate the judgment, and we affirm the decision.

*Judgment affirmed.*