JULIUS STUHL

*v.*

JOSEPH A. SHIPP.

1. JUDGMENT BY CONFESSION — *in vacation* — *where to object for want of proof.* Where a judgment is entered by confession in vacation, under a power of attorney, more than a year and a day after the power of attorney was executed, it is necessary for the defendant to apply to the court in which the judgment was entered, to set the same aside, and to show some equitable reason therefor, before it will be reversed on the ground that no affidavit was filed showing the defendant was still alive, and that the debt was due and unpaid.

2. SAME — *where the judgment is entered for too much.* And when the judgment is within the *ad damnum* laid in the declaration, it will not be reversed because it may appear to be for an amount greater than the sum due upon the note which was the basis of the confession, no application having been made in the court below to correct the error.

WRIT OF ERROR to the Circuit Court of Livingston county.

On the 16th day of February, 1865, Julius Stuhl executed his promissory note as follows:

"$200.00.　　　　　　　　　　PONTIAC, February 16, 1865.

"Thirty days after date, for value received, I promise to pay to the order of Jacob Countryman, $200, with interest at ten per cent per annum until due, and if not paid when due, then at the rate of ten per cent per annum, as liquidated damages, until paid.　　　　　　　　　　JULIUS STUHL."

On the same day, the maker of the note executed, in the usual form, a power of attorney to confess a judgment on the note.

The payee assigned the note to Joseph A. Shipp, who caused a judgment by confession to be entered thereon, in vacation, on the 23d of April, 1866, more than a year and a day after the maturity of the note, and the date of the power of attorney.

The defendant brings the record to this court by writ of error. It does not appear that any affidavit or other proof was presented in the court below, that the maker of the note was alive at the time the judgment was entered, or that the debt remained unpaid; and the absence of such proof is one of the grounds of error alleged.

The judgment was entered for $254.54, and costs, and it is claimed this is more than was due by the face of the note.

Mr. CHARLES J. BEATTIE, and Messrs. DICKEY & RICE, for the plaintiff in error.

Mr. GEORGE C. CAMPBELL, for the defendant in error.

Per CURIAM: The case of *Hinds* v. *Hopkins*, 28 Ill. 351, was so far modified in *Rising* v. *Brainard*, 36 Ill. 80, as to render it necessary to apply to the court below to set aside a judgment by confession, and to show some equitable reason therefor, before this court will reverse on the ground that the power of attorney was more than a year and a day old, or its execution

not duly proven.   This court also held in *Iglehart* v. *Morris*, 34 Ill. 503, that when the judgment was within the *ad damnum* laid in the declaration, it would not be reversed because it might appear to be for an amount greater than the sum due upon the note, which was the basis of the confession, no application having been made in the court below to correct the error.   On the authority of these cases this judgment must be affirmed.

*Judgment affirmed.*