## D. E. K. STEWART

*v.*

## THE HIBERNIAN BANKING ASSOCIATION.

1. . JURISDICTION—*acquired by entry of appearance under power of attorney.* In a suit against two, where there is service on one, only, and the appearance of the other is entered under a power of attorney authorizing the attorney to enter appearance, waive service and confess a judgment, the court has jurisdiction and can proceed to judgment.

2. In such case, the fact that the attorney only enters the appearance and waives service, without confessing judgment, but allows a jury to hear evidence and return a verdict, is not such a departure from the authority conferred by the power, as will render all the acts done under it erroneous.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. WILLIAM L. MOSS, JR., for the appellant.

Mr. A. M. RORKE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Appellee recovered a judgment in the circuit court of Cook county, against D. E. K. Stewart and Joseph Fitzpatrick, upon a promissory note. Stewart alone appealed, and seeks to obtain a reversal of the judgment, solely upon the ground that the court had no jurisdiction by service of process or otherwise over his co-defendant, Fitzpatrick.

The original record filed in this cause does not show service of process upon Fitzpatrick, or that his appearance was

entered, but, by an amended record filed since the cause has been pending in this court, it does appear that, on the 11th day of February, 1875, and before the judgment was rendered, the appearance of Fitzpatrick was entered by Andrew M. Rorke, his attorney.

It is, however, claimed by appellant that Rorke, the attorney of Fitzpatrick, had no authority to enter such an appearance as was entered in the cause.

We do not regard this position well taken. The record shows a power of attorney was filed with the note upon which judgment was rendered, executed by Fitzpatrick, by which he authorized and empowered Geo. F. Bailey, or any attorney of any court of record, to appear in any court of record, in term time or in vacation, in any of the States, at any time after the maturity of the note, to waive the service of process and confess a judgment in favor of the payee of the note for the full amount of the note and interest.

The power of attorney confers full authority to do three things: 1st. To appear for Fitzpatrick; 2d. To waive the service of process, and 3d. To confess a judgment upon the note for the amount due thereon.

It can not be denied that the attorney possessed the power to waive service of process and confess a judgment upon the note in a court of record. The argument of appellant, however, is, as the attorney did not confess the judgment, the appearance that was entered and the waiving of the service of process, did not confer upon the court jurisdiction over the person of Fitzpatrick.

We are unable to appreciate the force of the argument. The fact that the attorney did two acts authorized by the power of attorney, but, instead of confessing the judgment, which was the third act authorized, allowed the jury to hear the evidence and return a verdict for the amount of the note and interest, can not be regarded such a departure from the authority conferred by the power of attorney, as to render all the acts done under it erroneous.

The position of appellant might be regarded with more favor, if it appeared that Fitzpatrick had been injured by the act of his attorney. Such, however, is not the case. On the other hand, he makes no complaint, but seems to be entirely satisfied with the acts of his attorney and the judgment of the court.

It is, however, insisted that, as the power of attorney was more than a year and a day old, the law required an affidavit to be filed, to prove the execution of the power of attorney, and to establish that Fitzpatrick was then alive.

The record furnishes no information in regard to the nature or amount of evidence heard by the court at the time the judgment was rendered; it contains no bill of exceptions, except in the motion to amend the record. We will, therefore, presume the evidence offered and considered sufficient to authorize the judgment.

Under the authority, however, of *Rising* v. *Brainard,* 36 Ill. 80, and *Stuhl* v. *Shipp,* 44 ib. 134, proof of the execution of the power of attorney, or that Fitzpatrick was then alive, was unnecessary.

As we perceive no error in the record, the judgment will be affirmed.

*Judgment affirmed.*