## LEONARD ROTHGERBER
### v.
## LEOPOLD MAYER.

1. PRACTICE—JURISDICTION OVER JUDGMENTS—SETTING ASIDE.—Although courts of law may exercise equitable jurisdiction over judgments rendered by confession, it is only ancillary to their jurisdiction as courts of law, and cannot convert them into courts of equity. The principle that having once obtained jurisdiction it will be retained for all purposes of relief, does not apply in such cases. In the exercise of this equitable power they may let a defendant in to defend, but they cannot hear the defense itself; that must be tried at law.

2. USURY—FORFEITURE OF INTEREST.—A party loaning money at an usurious rate of interest, forfeits the entire interest, and can recover the principal only.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed May 25, 1880.

Mr. E. G. Asay and Mr. W. L. Hirst, for appellant; that the judgment does not become absolutely final by merely being confessed, cited Saylor v. Daniels, 37 Ill. 331.

As to usury: Hadden v. Innes, 24 Ill. 381; Driscoll v. Tannock, 76 Ill. 154; Rev. Stat. 1877, 589; Fleming v. Jencks, 22 Ill. 475.

As to setting aside a judgment entered by confession: Lake v. Cook, 15 Ill. 353; Condon v. Besse, 86 Ill. 159.

Bailey, P. J. On the 4th day of October, 1879, said day being the last day of the September term, 1879, of the Superior Court of Cook county, the appellee caused a judgment to be entered in said court by confession, in his own favor and against the appellant, for $1,865 and costs, upon a joint and several promissory note, executed by the appellant and one Abraham Lipman. On the 14th day of the same month, being at the next succeeding term of said court, appellant entered his motion to open said judgment, and for leave to defend, and in support of said motion filed certain affidavits setting up the defense of usury.

It appears from said affidavits that the indebtedness for which said note was given, was for a loan by the appellee to said Lipman of $2,000 on the 12th day of July, 1876, at the usurious rate of interest of two per cent. per month; that at the time of obtaining said loan, said Lipman paid appellee interest thereon for three months in advance at said usurious rate, and gave appellee his promissory note for said loan, with the appellant as surety; that at the expiration of each three months thereafter, up to October 19, 1877, said loan was renewed, said Lipman at each time paying interest in advance at said usurious rate, and giving a new note; that at the date last named, the note on which judgment was entered was given, said note bearing date that day, and being for said sum of $2,000, and maturing three months after date; that at the time of giving said note, Lipman paid interest thereon for three months in advance at said rate, making the entire amount of interest so paid up to that date $740; that since the date of said note the sum of $449 had been paid thereon, making in all the sum of

Rothgerber v. Mayer.

$1,189 paid on account of said loan, which if applied in the reduction of the principal would leave due appellee only the sum of $811.

On the hearing of said motion, the court found the facts to be as stated in appellant's affidavits, but instead of vacating the judgment, or of permitting the defendant to plead and make his defense at law, reduced the judgment to $1,181.99, being the amount of said loan and six per cent. interest thereon, reduced by the application of said several payments. The refusal of the court to vacate the judgment and to permit the appellant to plead and make his defense, and also the allowance to appellee of six per cent. interest, are assigned for error.

While it is true that courts of law exercise an equitable jurisdiction over judgments by confession, such jurisdiction is merely ancillary to their jurisdiction as courts of law, and does not convert them into courts of equity. The end for which this jurisdiction is exercised is to afford an opportunity to a defendant against whom a judgment has been entered without process to appear and make his defense at law, whenever he is able to show that such defense exists, and that he will be deprived of its benefits if the judgment is permitted to stand. The principle prevailing in courts of equity, that jurisdiction of the subject-matter of a litigation once obtained will be retained for the purpose of administering complete relief, has no application. Courts of law in the exercise of these equitable powers can let a defendant in to defend, but cannot hear the defense itself. That must be tried at law. The appellant, then, should have been permitted to make his defense at law, and to avail himself of all the benefits such defense would have entitled him to in that forum.

We are of the opinion that the court below erred in holding that the appellee was entitled, notwithstanding the defense of usury, to recover interest on the loan at the rate of six per cent. per annum. Doubtless had application for relief been made to a court of equity, where the maxim that he who seeks equity must do equity prevails, the appellant would have been required to pay the amount of the loan and legal interest. But courts of law, in the exercise of this equitable jurisdiction, apply to

the rights of the parties their own principles and maxims. This view is clearly recognized by the Supreme Court in Fleming v. Jencks, 22 Ill. 475. By the rules prevailing in courts, of law, a party loaning money at a usurious rate of interest, forfeits the entire interest, and can recover the principal only. This forfeiture courts of law do not hesitate to pronounce.

The judgment will be reversed and cause, remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*