## STEIN, BLOCK & CO.
## v.
## PENROSE D. GOOD.

1. JUDGMENT BY CONFESSION.—To authorize a judgment to be con-
fessed the plaintiff must file a declaration on his cause of action, a warrant
of attorney with proof of its execution, and a plea of confession. As no
affidavit of the execution of the warrant of attorney was filed, no jurisdic-
tion was obtained, and no judgment was authorized to be entered. This is
jurisdictional and can not be dispensed with.

2. PRACTICE—WARRANT OF ATTORNEY.—A judgment can not be con-
fessed on a warrant of attorney which has been executed more than a year
and a day, unless an affidavit is filed showing that the maker is alive, and
that the debt or some part thereof is still due. This is not jurisdictional,
and the failure to file such affidavit can only be taken advantage of upon
equitable grounds.

APPEAL from the Circuit Court of Warren county; the
Hon. JOHN J. GLENN, Judge, presiding. Opinion filed Au-
gust 7, 1885.

Messrs. GRIER & DRYDEN, for appellants; as to the appear-
ance by an attorney, cited 1 Salkeld, 86 pl. 3, per Holt;

Stein, Block & Co. v. Good.

1 Keble, 89; Hayes v. Shattuck, 21 California, 51; Tally v. Reynolds, 1 Ark. 99; Dalton City v. Dalton Manfg. Co., 33 Geo. 243; Williams v. Butler, 35 Ill. 544; Harris v. Galbraith, 43 Ills. 309; State v. Caruthers, 1 Greene, Ia., 464; Norris v. Douglas, 5 N. J. L. (2 South), 817; Jackson v. Stewart, 6 Johnson, 34; Denton v. Noyes, 6 Johnson, 295; Henck v. Todhunter, 7 H. & J. 275; Beckley v. Newcomb, 24 N. H. 359; Dobbin v. Dupree, 36 Ga. 108; Lyon v. Williams, 42 Ga. 168; Flanigan v. Phila., 51 Pa. 494.

The confession of a judgment by an attorney is conclusive of his authority so far as the validity of the judgment is concerned. If without authority, the remedy is by action against the attorney, or in a proper case an application may be made to open the judgment for defense: Cyphert v. McClune, 22 Pa. 195; Ingalls v. Sprague, 10 Wend. 675; Gaillard v. Smart, 6 Cowen, 386; Ackor v. Ledyard, 8 N. Y. 65; Bates v. Voorhees, 20 N. Y. 528; Hamilton v. Wright, 37 N. Y. 505; Brown v. Nichols, 42 N. Y. 26; Cox v. N. Y. C. R. R. Co., 63 N. Y. 419.

As to filing affidavit of execution of warrant: Truett v. Wainwright, 4 Gilm. 411; Lake v. Cook, 15 Ill. 353; Iglehart v. Church, 35 Ill. 255; Iglehart v. C., M. & F. Ins. Co., 35 Ill. 515; Fleming v. Jencks, 22 Ill. 474; Rising v. Brainard, 36 Ill. 79; Stuhl v. Shipp, 44 Ill. 133; Stewart v. Hibernian Banking Asso., 78 Ill. 596; Page v. Wallace, 87 Ill. 84.

Mr. W. C. Norcross and Messrs. Williams, Lawrence & Bancroft, for appellee; cited Roundy v. Hunt, 24 Ill. 601; Durham v. Brown, 24 Ill. 93; Anderson v. Field, 6 Bradwell, 313; Frear v. Com. Nat. Bk., 73 Ill. 473; Tucker v. Gill, 61 Ill. 238; Hall v. Jones, 32 Ill. 41; Iglehart v. Chicago Marine Ins. Co., 35 Ill. 514; Iglehart v. Morris, 34 Ill. 502; Thomas v. Mueller, 106 Ill. 40.

Welch, J. A judgment by confession in favor of appellants against appellee, for the sum of four thousand and ninety-three dollars and sixty-nine cents and costs of suit, was entered before the clerk of the Circuit Court of Warren

county, on the 26th day of December, 1884, in vacation, upon four promissory notes, with a warrant of attorney forming a part of each note, authorizing any attorney of any court of record to appear in term time or vacation and confess judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, with costs and five per cent. attorney's fees, and to waive all errors in any such proceedings, etc. Execution was issued upon this judgment, and on the same day levied on the stock of goods of the appellee. On the 30th day of December, 1884, appellee presented to Judge John J. Glenn, at chambers, his application, and motion to quash the execution and vacate the judgment, assigning various reasons. Judge Glenn, at chambers, made an order staying all proceedings until the first day of the January term, 1885, of the Warren Circuit Court; at which time the motion was heard and allowed, execution quashed and judgment vacated, from which judgment and order of court this appeal is taken.

The judgment was entered in vacation upon a declaration, a warrant of attorney and *cognovit* filed with the clerk. No proof of the warrant of attorney was filed in the papers.

In the view we take of this case we only deem it necessary to examine the first and third reasons assigned by appellee to quash the execution and vacate the judgment.

The first reason assigned is, that the judgment upon which the execution issued is void. Third, that there was no proof of the execution of the power of attorney presented or heard at the time the judgment was entered.

The question of the power of the court to set aside or vacate judgments confessed in vacation or in open court has never been doubted in this State. It was recognized in the case of Sloo v. The State Bank, 1st Scammon, 428; Lyon v. Boilvin, 2d Gil. 629; Truett v. Wainright, 4 Gil. 415, and Lake v. Cook, 15 Ill. 356, and has been uniformly recognized by the courts of this State. The cases referred to, *supra*, were all cases where the confession was in open court. In the case of Lake v. Cook, *supra*, the judgment was entered at the November term, 1852. At the February term, 1853, Lake

entered a motion that the judgment, execution, and all pro-
ceedings subsequent to the declaration be set aside and that
he be permitted to plead to the declaration and defend the
suit. There was no question made in that case as to the proof
of the execution of the warrant of attorney. In Fleming v.
Jencks, 22 Ill. 475, judgment entered in vacation. The only
question noticed in that opinion was as to the power of the
court over such judgment. The question of the proof of the
execution of the warrant of attorney is not referred to. In
Durham v. Brown, 24 Ill. 93, Judge Breese uses this lan-
guage: "There was no affidavit filed with the clerk proving
the execution of the power of attorney to confess the judg-
ment." This was a judgment in vacation. There was filed
with the clerk a declaration, a promissory note with letters of
attorney to confess judgment thereon attached and a *cognovit*.
One of the errors assigned was that there was no sufficient
proof of the execution of the warrant of attorney. The
learned judge continues, "when the confession is by an attor-
ney, one of the proper and indispensable papers would be the
power of attorney, and for the want of the power of attorney,
there being none filed, the judgment is reversed."

The meaning of the court evidently is that one of the proper
and indispensable papers would be an affidavit proving the
execution of the power of attorney, and for the want of this affi-
davit the cause was reversed. That this is the true reading
is evident from the fact that the opinion itself shows that the
power itself was filed, and that the essential paper omitted
was the affidavit proving the execution. The beginning and
conclusion of this opinion can only be reconciled by adopting
this interpolation. In Roundy, assignee, v. Hunt, 24 Ill.
600, which was a judgment in vacation, Justice Walker says:
"As a condition to the right to confess judgment in vacation,
the proper papers must be filed with the clerk. This require-
ment of the statute could have referred alone to the established
practice in cases of confession of judgment in courts of record.
That practice requires the plaintiff to file a declaration on his
cause of action, that he shall file a warrant of attorney with
proof of its execution, and a plea of confession. These, under

the practice, constitute the proper papers to authorize the confession of a judgment." In Hinds v. Hopkins, 28 Ill. 344, another and different question was presented, and that was the necessity of filing an affidavit that the debt is unpaid and the defendant living when the warrant of attorney is more than a year and a day old. In that case it was held necessary. Hall v. Jones, 32 Ill. 38, was the case of a judgment confessed in open court. One of the errors assigned in that case was that there was no proof of the execution of the warrant of attorney. Judge Breese says: "The next objection is that there was no proof of the execution of the warrant of attorney. The affidavit of Patton was full to the point;" and then refers to the case of Roundy, assignee, v. Hunt, *supra*, as to the legal presumption that the authority to confess was judicially passed upon by the court. In Iglehart v. Church, 35 Ill. 255, Justice Walker says: "The judgment in this case was confessed in open court, and the record shows that the court found that the power of attorney was proved. This was a fact that the court had jurisdiction to adjudicate and determine, and having found the fact, it is as binding and conclusive as any other within its jurisdiction. In the case of Iglehart v. Chicago Marine Ins. Co., 35 Ill. 515, the same judge says: "This judgment was confessed in open court, and the presumptions are in favor of the regularity of all the proceedings. According to the rules of practice, it was necessary that proof should have been made of the execution of the warrant of attorney, before the judgment was confessed, and the evidence of that fact need not be preserved in the record, as it should when judgment is confessed in vacation before the clerk."

In Rising v. Brainard, 36 Ill. 80, which was an application for a supersedeas, the error assigned was, that a judgment was entered in vacation by confession under a power of attorney upon a note, more than a year and a day after the note fell due, without proof that the defendant was then alive, or that the debt was then due. It was said, " this court has held that an affidavit should be filed, showing that the defendant is alive, and that the debt is due and unpaid, when the judgment is entered in

Stein, Block & Co. v. Good.

vacation more than a year and a day after the power was executed. But in such case the party aggrieved should apply to the court in which the judgment was entered for redress, where he may obtain it on motion if equitably entitled thereto, the party making the application being required to show some equitable reason therefor. Stuhl v. Shipp, 44 Ill. 133, was a confession made in vacation on a note and power of attorney more than a year and a day after the maturity of the note and of the date of the warrant of attorney, and no affidavit was presented that the maker was alive, or that the debt remained unpaid. The court say: " The case of Hinds v. Hopkins, 28 Ill. 351, was so far modified in Rising v. Brainard, 36 Ill. 80, as to render it necessary to apply to the court below to set aside a judgment by confession, and to show some equitable reason therefor, before this court will reverse on the ground that the power of attorney was more than a year and a day old." An examination of the record in Stuhl v. Shipp shows that the power of attorney filed was signed and duly acknowledged before a notary public, and his official seal attached. In Tucker v. Gill, 61 Ill. 238, Justice McAllister says: " The expression upon filing the proper papers includes everything requisite by the common law practice in such cases." In Roundy v. Hunt, 24 Ill. 598, which was a judgment in vacation under a statute precisely like that above referred to, the court said: " As a condition to the right to confess a judgment in vacation, the proper papers must be filed with the clerk. This requirement of the statute could have referred alone to the established practice in cases of confession of judgment in courts of record. That practice requires the plaintiff to file a declaration on his cause of action, that he shall file the warrant of attorney, *with proof of its execution* and a plea of confession. These, under the practice, constitute the proper papers to confess judgment." Frear v. Commercial National Bank, 73 Ill. 473, was a judgment confessed in open court. Justice Walker says: " The confession was in open court, and execution of the warrant of attorney was duly proved and the court thus acquired complete jurisdiction over the parties and the subject matter." In the case of Stewart v. The Hibernian

Banking Association, 78 Ill. 596, which was a confession in open court, it was simply decided that in the absence of a bill of exceptions the court will presume sufficient evidence was offered to authorize the judgment. In the case of Anderson v. Field, 6 Bradwell, 313, it is said: "The court below had jurisdiction of the person of the defendant only by virtue of the warrant of attorney and the entry of appearance un ler the power therein contained. Proof of the warrant of attorney was therefore essential to the jurisdiction of the court over the person of the defendant, and such proof being wanting, the court was without jurisdiction."

After a patient and thorough examination of the foregoing authorities we find that the only case that has been modified is that of Hinds v. Hopkins, *supra*, where it was held that it was necessary that an affidavit should be filed, showing that the defendant is alive and that the debt was due and unpaid when the judgment was entered, in vacation, more than a year and a day after the power of attorney was executed. This was modified by the rule stated in Rising v. Brainard and Stuhl v. Shipp, *supra:* " That before a judgment will be set aside because an affidavit was not filed, showing that the defendant was alive, and that the debt was due and unpaid, the party making the application is required to show some equitable reason therefor." That the cases of Durham v. Brown, Roundy v. Hunt, Tucker v. Gill, Frear v. National Bank and Anderson v. Field, *supra*, all hold that proof of the execution of the warrant of attorney is necessary to obtaining jurisdiction of the parties and subject-matter.

From the foregoing authorities we deduce two separate and distinct rules of practice: One, as announced in Durham v. Brown and Roundy v. Hunt, that to authorize a judgment to be confessed the plaintiff must file a declaration on his cause of action, a warrant of attorney, with proof of its execution, and a plea of confession; the other, announced in Hinds et al. v. Hopkins, a judgment can not be confessed on a warrant of attorney which has been executed more than a year and a day, unless an affidavit is filed showing that the maker is alive and that the debt or some part thereof is still due.

Stein, Block & Co. v. Good.

The rule as announced in Durham v. Brown and Roundy v. Hunt has been approved in Hall v. Jones, Iglehart v. Church, Iglehart v. Chicago Marine Ins. Co., Tucker v. Gill, Frear v. Commercial National Bank, and Anderson v. Field, *supra*, and the rule as announced in Hinds v. Hopkins, *supra*, has been modified to the extent as hereinbefore stated, by the cases of Rising v. Brainard and Stuhl v. Shipp, *supra*.

This case falls within the rule as stated in Durham v. Brown and Roundy v. Hunt, *supra*, and after its uniform approval, as we have seen, without modification, since it was announced, we see no good reason for departing from it in this case. No affidavit of the execution of the warrant of attorney having been filed, no jurisdiction was obtained and no judgment was authorized to be entered. We adopt the language of the learned judge who tried this case: "The objection in this case that there is no proof of the execution of the warrant of attorney is not like those cases that the court has been referred to, where the judgment is entered more than a year and a day after the power of attorney was executed, and no affidavit is filed that the defendant is alive and that the debt is due and unpaid. In the latter the proof required is of facts occurring after the execution of the power authorizing the entering of the judgment, in the former, of the execution of the power itself which confers jurisdiction. No court is vested with equitable power to confer jurisdiction of the person of the defendant. This can only be acquired in some of the modes prescribed by law."

We are of opinion that there is no error in this record, and the judgment is therefore affirmed.