Spangler *v.* Pugh.

JACOB SPANGLER, Appellant, *v.* ISAAC C. PUGH, Appellee.

### APPEAL FROM MACON.

Where a note offered in evidence differed in amount a half a cent from the one declared on, it was held to be a variance, and that it could not be received in evidence.

Matters of substance may be substantially proved, but matters of essential description, such as names, sums, magnitudes, dates, durations and terms, must be precisely proved.

THIS was an action of assumpsit by the appellant, against the appellee, upon a promissory note.

The declaration sets out the legal effect of the note as follows, viz : The said defendants made their promissory note in writing, bearing date a certain day and year therein mentioned, to wit : the day and year aforesaid, and thereby promised to pay, one year after the date thereof, to the said plaintiff, or order, two thousand five hundred and seventy-nine dollars and fifty-seven cents, with six per cent. interest per annum, from date until paid, for value received.

The appellant plead the general issue. By consent, trial by the court. The appellee offered a note in evidence, in the words and figures following, viz :

$2,579.57½                    DECATUR, September 19th, 1857.

One year after date, we, or either of us, promise to pay Isaac C. Pugh, or order, Two Thousand Five Hundred and Seventy-Nine Dollars and Fifty-Seven ½ cents, with six per cent. interest per annum from date until paid, for value received.

                                        JACOB SPANGLER,
                                        LEVI EHRHART.

To the introduction of this note appellant objected, and the objection was overruled by the court. Judgment against appel-

lant for $2,765.30. Motion of appellant for new trial overruled. The cause was heard before EMERSON, Judge.

Error assigned: the court erred in admitting said note in evidence.

THORPE & TUPPER, for Appellant.

A. B. BUNN, for Appellee.

WALKER, J. The alleged variance in this case depends on the question whether the note given in evidence was the one described in the declaration. That offered in evidence was one half cent greater in amount than the one declared on. It is a familiar rule of pleading that the contract must be stated correctly, and if the evidence differs from the statement, the whole foundation of the action fails, because the contract is entire and must be proved as laid. A distinction is however made between matters of substance and matters of essential description. The former may be substantially proved, but the latter must be proved with a degree of strictness extending in some cases even to literal precision. No allegation, descriptive of the identity of that, which is legally essential to the claim, can ever be rejected. And of this character are names, sums, magnitudes, dates, durations and terms, which being essential to the identity of the writing set forth, must, in general, be precisely proved.

In declaring, it is not necessary that the contract should be recited in *hæc verba;* but if it be so recited, the recital must be strictly accurate. If the instrument be declared on according to its legal effect, that effect must be truly stated, and if there be a failure in either mode, an exception may be taken for the variance, and the instrument cannot be given in evidence. While the variance is trifling in amount, it is descriptive of the identity of the instrument, and being so, it is material. The note given in evidence was not the one described in the declaration. It is true this is but the fractional part of a cent and is trifling in value, but if the same fraction were applied to a dollar or an eagle, the value becomes material and matter of substance. And if courts may disregard the variance in the one case, no reason is perceived why they may not in the other. The one is a violation of a rule of evidence as much as the other. And the principle of the rule does not depend upon value or amount for its binding force.

However much courts may regret that a slip in pleading should delay the party in the administration of justice, the rules of law must be observed. If the rule were relaxed in this case, it would be to sanction a looseness in practice that might event-

ually be productive of more injury than benefit.  If we depart from the well established rules, the departure would be followed and likely extended in subsequent cases, until a description of the instrument sued upon, would cease to be required.

For these reasons we are of the opinion that the judgment of the court below should be reversed and the cause remanded, with leave to plaintiff to amend his declaration.

*Judgment reversed.*