E. M. GARFIELD ET AL.

v.

GEORGE BERRY.

</div>

PROMISSORY NOTE PAYABLE TO BEARER—MUST BE INDORSED.—A promissory note made payable to a person therein named " or bearer," cannot be transferred by mere delivery without indorsement so as to vest the legal title in the holder or bearer, and give him the right to sue thereon in his own name.

APPEAL from the Circuit Court of La Salle county; the Hon. FRANCIS GOODSPEED, Judge, presiding. Opinion filed January 3, 1880.

Mr. G. S. ELDRIDGE, for appellants; that a note payable to A

or bearer cannot be transferred without indorsement so as to give the holder a right to sue thereon in his own name, cited Hilborn v. Artus, 3 Scam. 344; Roosa v. Crist, 17 Ill. 452; Wilder v. DeWolf, 24 Ill. 190; Garvin v. Wiswell, 83 Ill. 215; Rabberman v. Muehlhausen, 3 Bradwell, 326.

· Messrs. DUNCAN & O'CONNER and Mr. E. F. BULL, for appellee; in support of the right to sue in such cases, cited Rev. Stat. 1874, Chap. 98, § 8; Story on Promissory Notes, § 36; 1 Daniell on Negotiable Instruments, 83; Eddy v. Bond, 19 Me. 461.

PLEASANTS, J. Appellee in his own name recovered judgment below upon a promissory note payable to Bassett, Fox & Peterson, or bearer, without indorsement, and the question is whether such an instrument is transferable at law by delivery merely.

Under the statutory provision, in force since 1845, that a note "made payable to any person named as payee therein shall be assignable by indorsement thereon under the hand of such person" (R. S. 1845, p. 384, § 4) it was settled that the addition of the words "or bearer" after such name did not avoid the necessity of an indorsement to transfer the legal title; that by reason of such addition it was none the less payable to a person named therein; that these words, not being essential to the negotiability of the paper, were to be treated as surplusage, and that the object of the statute was to protect the payee so named against any holder who might come into possession of it improperly. Hilborn v. Artus, 3 Scam. 344; Sappington v. Pullian, Ibid. 385; Roosa v. Crist, 17 Ill. 451; Wilder v. DeWolf, 24 Id. 190; Garvin v. Wiswell, 83 Id. 218.

This section was re-enacted in the revision of 1874 (Chap. 98, § 4), but it is contended that § 8 of the same chapter, which is new, and declares that "any note   *   *   *   payable to bearer may be transferred by delivery thereof," changes the rule so laid down as to such instruments; that § 4 is no longer applicable, except to such as are made payable only to a person named therein, and that § 8 covers all such as are payable to "bearer," whether a person be therein also named or not.

To this we cannot assent. By retaining the original section 4, so often and uniformly construed, the Legislature must be presumed to have adopted the construction thus given to it. They were fully advised then, that a note payable to a particular person named, or bearer, is not a note "payable to bearer," and hence, in providing a mode of transfer of the latter, cannot be presumed to have intended to affect the former. There is no repugnancy between the two sections. One applies to cases in which a person is named in the note as payee, and the other to those in which a person is not so named.

The Appellate Court of the Fourth District has taken this view in Rabberman v. Muehlhausen, 3 Bradwell, 326, and we concur in it.

It is said that such a limitation of § 8 would render it nugatory, since without it notes payable to bearer only would be transferable by delivery. But this, if true, is not a sufficient answer to the reason here given for it. At most it would show no more than that this construction makes the section to be— what very many statutes certainly are—simply declaratory of pre-existing law.

The judgment of the Circuit Court is reversed and the cause remanded.

<div style="text-align:right">Reversed and remanded.</div>