### William R. Mumford v. Daniel H. Tolman.

1. Judgment Notes — *Cognovit—Release of Errors—Variance.*—A variance between the declaration and the note filed therewith, upon which a judgment was entered by confession, because the note described in the declaration is payable on demand, while the one upon which judgment was entered is payable on demand after date, is not such a variance as can be taken advantage of by motion after judgment. The error in this regard, if such it is, is released by the release of errors in the *cognovit.*

2. Demand—*When Not Necessary.*—It is not necessary, before bringing a suit upon a promissory note payable on demand, to make a demand of payment.

3. Promissory Note—*Effect of Collateral Security.*—The fact that collateral security has been given for the payment of a promissory note in no wise interferes with the necessary characteristics of the instrument as a promissory note. The promise to pay is still certain and for a certain amount.

4. Same—*Power to Confess Judgment—Attorney Fee—Usury.*—The fact that an instrument, upon which judgment has been entered, provides that an amount of five per centum may be added for attorney's fees, does not make the instrument usurious.

5. Usury—*Defense in the Appellate Court.*—The defense of usury can not be made for the first time in the Appellate Court.

6. Judgments by Confession—*Courts of Law Exercise Equitable Jurisdiction Over.*—Courts of law exercise equitable jurisdiction over judgments by confession for the purpose of doing justice, and will vacate, reduce or affirm them as appears to be just and equitable.

7. Contracts in Writing—*Not Varied by Contemporaneous Parol Agreements.*—Written contracts can not be varied by proof of contemporaneous parol agreements.

8. Offset—*Damages from Fraudulent Practices.*—Damages arising from the fraudulent practices of one party, by which it is alleged the stock of another party in an incorporated company has been rendered worthless, can not be set off by such party as a defense to an action upon a promissory note due from him to the party guilty of such practices.

Mr. Justice Gary dissents.

Memorandum.—Motion to vacate judgment by confession. Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 18, 1894.

*Copy of the note upon which judgment was entered:*

Chicago, Oct. 1, 1893.

On demand, after date, for value received, I promise to pay to the order of myself, $8,500, with interest at the rate of seven per cent per annum, having deposited with the legal holder hereof, as collateral security, cer-tificate for 100 shares of the Chicago Trust and Savings Bank stock, and

I hereby give the said legal holder, his, her or their assign or assigns, authority to sell the same, or any part thereof, on the maturity of this note, or at any time thereafter, or before, at public or private sale without advertising the same, or demanding payment or giving notice, and to apply so much of the proceeds thereof to the payment of this note as may be necessary to pay the same, with all the interest due thereon, and also to the payment of all expenses attending the sale of said collateral, and in case the proceeds of the sale of the same shall not cover the principal, interest and expenses, I promise to pay the deficiency forthwith after such sale, with interest at seven per cent per annum. Said legal holder hereof, his, her or their assigns, may purchase at any such sale. And it is hereby agreed and understood that if recourse be had to said collateral, or any money realized on sale thereof, in excess of the amount due upon the note, it shall be applicable to the payment of any other note or claim which the said legal holder may have against me, and in case of any exchange of, or addition to the collateral above named, the provisions of this note shall extend to such new or additional collateral, and so far as said collateral shall consist of what is usually called commercial paper, the said holder may, instead of selling the same, collect, with or without suit, or make such compromise as said holder may deem best with all or any of the parties thereto, and may extend the time of payment of any such paper, without thereby extending the time of payment of the indebtedness or liability aforesaid of myself; and after deducting the expense of such sales and collections, the said holder may apply the proceeds and the money aforesaid toward the payment of said indebtedness or liability, and if there be any excess over and above the amount of this note, realized by collecting said commercial paper, either with or without suit, then the legal holder hereof is authorized to apply such excess to the payment of any other note or claim which said legal holder may have against me.

And to further secure the payment of said amount, I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court, in term time or vacation, and confess a judgment without process in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and five per centum attorney's fees, and also to file a cognovit for the amount thereof, with an agreement therein that no writ of error or appeal shall be prosecuted upon the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operations of said judgment, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon said judgment, and also to waive all benefit or advantage to which I may be entitled by virtue of any homestead or other exemption laws now or hereafter in force in this or any other State or territory, where judgment may be entered by virtue hereof. Hereby ratifying and confirming all that said attorney may do by virtue hereof.                    W. R. MUMFORD.    [SEAL.]

$8,500 & Interest.

Indorsed on back: W. R. MUMFORD.

Mumford v. Tolman.

## Statement of the Case.

On January 29, 1884, there was entered in the Circuit Court of Cook County a judgment by confession for $8,612.96 and costs in favor of appellee and against appellant. The cognovit and judgment included $395 attorney's fees.

Afterward, on the same date that the said judgment was entered, defendant moved the court to set it aside and for leave to plead. An order was entered staying execution until the further order of the court. On January 13th, leave was given to defendant to file affidavits in support of his motion. On February 3d the motion was heard and overruled. Thereupon the defendant prayed and was allowed an appeal to this court in bond of $9,250.

On the hearing of said motion it appeared from affidavits filed that, on November 1, 1886, and prior thereto, Daniel H. Tolman was and had been the president, manager and owner of a majority of the stock of the Chicago Trust and Savings Bank; that he conducted the business of said bank in his own way. November 1, 1886, William R. Mumford had also become a stockholder of said bank and was at that time a director; that on November 1, 1886, Tolman induced Mumford to purchase 100 shares more of the capital stock owned by him, at the price of $13,000, and persuaded Mumford to give his note with the stock purchased as collateral; that this note was reduced between that date and June 21, 1889, to $10,000, and was renewed for that amount; that between that date and October 1, 1892, it had been again reduced and was again renewed for $8,500, and that $600 had been paid on account of the principal thereof since, thus showing that since November 1, 1886, Mumford has paid to Tolman $5,100, and in addition thereto interest on the $13,000, less such sums as were paid thereon from time to time, at the rate of seven per cent per annum.

It also appears from this record that on October 27, 1888, the directors of the Chicago Trust and Savings Bank applied $26,000 of the earnings of the said bank toward the unpaid subscriptions of stockholders for the increased stock

made in 1886; that on September 27, 1889, they appropriated $24,000 more of such earnings. On July 19, 1890, $50,000. On November 3, 1891, $100,000, making in all $200,000. Both Mumford and Tolman were directors and assisted in passing the resolutions.

The 100 shares of said stock so sold by Tolman to Mumford and retained by Tolman as collateral, were one-fiftieth of the entire capital stock; and one-fiftieth, therefore, of the $200,000, or $4,000 of these earnings of the bank, was applied to pay the unpaid subscription of Daniel H. Tolman for part of this very stock. This $4,000 so applied was part of the earnings of this 100 shares of stock. The obligation on the subscription was the personal obligation of Tolman.

In addition, it is alleged by Mumford that at the time he made the purchase of the stock from Tolman, Tolman represented to him that the bank was increasing its business and its profits very rapidly, and that by reason of the earning capacity of said stock, it was then worth $130 per share, and in a short time it would be worth $200 per share; that he told Tolman that he did not have any more money to invest, no matter how valuable the stock might be; that thereupon, Tolman, to induce him to take the stock, guaranteed that he should never lose anything on account of the purchase; that he, Tolman, would carry the note along until it should be paid by dividends out of the stock, and that he, Mumford, should never be called upon to pay the indebtedness except out of the dividends; that it was by reason of this assertion and the guaranty of Tolman that he was induced to purchase said stock on these terms.

He further alleges that Tolman, by his fraudulent actings and doings in the management of the Chicago Trust and Savings Bank to his own personal interest, and by means of the conversion to his own use of the funds, property and money of said bank, has rendered said stock practically worthless; that in September, 1893, Tolman decided to have the bank wind up its affairs, and that ever since that time it has been engaged in winding up its affairs; and that in November, Tolman told the stockholders he did not think they would get much for their stock; that this state of

affairs was brought about by the mismanagement, misappropriation and conversion of the funds of said bank by Tolman, and that upon a just and true accounting between said Tolman and the bank, it would be found that he is indebted to said bank for the moneys and property misappropriated, and liabilities incurred on account of his fraud and mismanagement, upward of the sum of $500,000, for which a bill in chancery is now pending; that the status of the chancery suit has been established by order of court entered by agreement of all parties, and Tolman has given bond to pay the bank, and Mumford as intervening petitioner, any sum that may be found due them on a final decree; that an accounting, not only between the bank and said Tolman, but between Mumford, as intervening petitioner, and said Tolman and said bank, is involved in that proceeding, and that the alleged controversy here is but part and parcel of that accounting.

These allegations of Mumford were denied by Tolman.

Appellant insists:

1. "There is a fatal variance between the note declared on and the document offered in evidence, which contains the power to confess judgment, and that therefore the judgment is void.

2. That the document offered in evidence as the basis of this proceeding is not a negotiable instrument, and therefore a nullity.

3. That the document offered in evidence as the basis of this proceeding is usurious on its face.

4. That courts of law exercise an equitable jurisdiction over judgments entered by confession for the purpose of doing justice, and will vacate the same upon motion, or open the case and give the defendant leave to plead.

5. That the affidavit of Mumford, if true, together with the admitted facts, shows an absolutely good defense."

APPELLANT'S BRIEF, WEIGLEY, BULKLEY & GRAY, ATTORNEYS.

In order to maintain a suit upon a written contract the declaration must set forth the contract *in haec verba* or

according to its legal effect.    In this case it was attempted
to declare upon a note according to its legal effect, but the
legal effect of the note declared upon and the legal effect
of the document offered in evidence, are entirely different.
One is payable immediately, and might have been enforced
the day of its date.    The other was payable when demanded
after the date of its execution.    In the note declared upon,
if demand had been made immediately, the statute of limit-
ations would run in ten years from that date.    In the note
offered in evidence no demand could have been made before
the next day at the shortest, and the statute of limitations
would not run in any event for a day longer than in the
other.

This variance, then, is material, and one of substance.    In
support of this proposition we cite Spangler v. Pugh, 21
Ill. 85; Davidson v. Johnson, 31 Ill. 523; Taylor v. Riddle,
35 Ill. 567; Germania Fire Ins. Co. v. Leiberman, 58 Ill. 117;
Sheehy v. Mandeville, 7 Cranch, 208; Chase v. Dana, 44 Ill.
262; Carpenter v. First National Bank, 19 Brad. 549.

Contracts made at the same time as a promissory note,
and memoranda made contemporaneously with promissory
notes, are held to be part of the transaction, and in many
instances control the notes.    Shaw v. M. E. Society, 8 Metc.
223; Costello v. Crowell, 127 Mass. 293; Bailey v. Cromwell,
3 Scam. 71; Duncan v. Charles, 4 Scam. 561; Davis v. Mc-
Vickers, 11 Ill. 327; Lowe v. Bliss, 24 Ill. 168; Bradley v.
Marshall, 54 Ill. 173; Smith v. Riddell, 87 Ill. 165; Potter
v. Gronbeck, 117 Ill. 404.

It is an established rule of decision in this State that the
courts will exercise an equitable jurisdiction over judgments
entered by confession.    Walker v. Ensign, 1 Brad. 113; Lake
v. Cook, 15 Ill. 353; Heeney v. Alcock, 9 Brad. 434; Condon
v. Besse, 86 Ill. 159; Fleming v. Jencks, 22 Ill. 475; Lanyon
v. Lanz, 43 Ill. App. 654.


APPELLEE'S BRIEF, MOSES, PAM & KENNEDY, ATTORNEYS.

It is a well known principle that parol evidence is not
admissible to show a contract different from that specified

in the note.  It is an inflexible rule that the maker of a promissory note absolute on its face can not show as a defense thereto, even against the payee, an oral contemporaneous agreement which makes the note payable only on a contingency.  Walker v. Crawford, 56 Ill. 444; Johnson v. Glover, 121 Ill. 286; Mosher v. Rogers, 117 Ill. 449; Courtney v. Hogan, 93 Ill. 101; Worden v. Salter, 90 Ill. 160; Wilson v. Roots, 119 Ill. 384; Black v. Wabash Ry. Co., 111 Ill. 361; Hardt v. Brown, 113 Ill. 479; Heisen v. Heisen et al., 145 Ill. 669; Schultz v. Plankinton Bank, 141 Ill. 116.

A promissory note, as against the maker, payable on demand, can be prosecuted to judgment without averring or proving a demand.  Hunt v. Divine, 37 Ill. 137–144; Butterfield v. Kinzie, 1 Scam. 445; Armstrong v. Caldwell, Id. 546; Wallace v. McConnell, 13 Pet. 136; Wood v. Savings, etc., 41 Ill. 267.

Mr. Justice Waterman delivered the opinion of the Court.

It is insisted that there is a variance between the declaration and the note filed therewith, upon which the judgment was entered, because the note described in the declaration is payable on demand, while the note upon which judgment was entered is payable on demand after date.

If this constitutes a variance it is not such an one as could be taken advantage of by motion after judgment; moreover, the error in this regard, if such there was, is one which is released by the release of errors.  Hall v. Jones, 32 Ill. 38; Hall v. Hamilton, 74 Ill. 437; Frear v. Commercial National Bank, 73 Ill. 473; Carpenter v. Bank, 119 Ill. 356.

The motion to set aside the judgment did not proceed upon the ground of any such variance; if the attention of the court below had been called thereto, it could have been instantly removed by amendment.

It is also insisted that the note was not due when the judgment was entered thereof, because no demand had been made for the payment of the same.

It is not necessary before bringing suit upon a note pay-

able on demand, that demand of payment should have been made. Butterfield v. Kinzie, 1 Scam. 445; Hunt et al. v. Divine, 37 Ill. 137.

The fact that, as appears from the face of the note, collateral security was given for its payment, did not destroy its negotiability. The giving of such collateral in no wise interfered with the necessary characteristics of the instrument as a promissory note. The promise to pay was still certain and for a certain amount.

The fact that the instrument provided that if the collateral proved insufficient for the payment of the note, the maker would pay the deficiency remaining after an exhaustion of the collateral, neither increased nor decreased the responsibility of the maker, or rendered his liability in any respect less certain and definite. Valley Bank of Chambersburg v. Crowell et al., 148 Pa. St. 284.

Nor did the fact that the instrument upon which judgment was entered provided that in case of confession of judgment upon such note, an amount of five per centum might be added for attorney's fees, make the instrument usurious. Undoubtedly, if such agreement had been inserted as a cover for usury, it would have rendered the note usurious; but appellant, in his affidavit setting forth the defense he claims to have to said note, and the reasons existing why judgment entered thereon should be set aside, makes no mention of usury and does not pretend that the note or the judgment entered thereon is in any way or wise tainted with usury.

This defense, so far as appears from the record, is made for the first time in this court. Had appellant set up in the Circuit Court the defense of usury, that court might, if convinced that the note was usurious, have given him the benefit of the defense provided by the statute therefor. Fleming v. Jenks, 22 Ill. 425.

Courts of law do exercise an equitable jurisdiction over judgments entered by confession, for the purpose of doing justice, and will vacate, reduce or affirm the same as appears to such court to be just and equitable.

From the affidavit of appellant it appears that this note was given for stock in a bank controlled by appellee; that when the stock was purchased and the note given, appellee made glowing representations as to the profits likely to be derived by appellant from a purchase of said stock; and, moreover, promised that he, appellant, should never lose anything by reason of such purchase, and should not be called upon to pay the note except out of dividends earned upon the stock. These promises were entirely verbal, and it is manifest can not be availed of by appellant as a defense to this note.

Appellant made a plain, certain, definite written contract; this contract he now seeks to vary by proof of a contemporaneous verbal agreement, by which this note is to be changed to an indefinite instrument, payable, if at all, only out of a particular fund, to be derived from particular earnings, and in no event is the instrument to subject its maker to loss.

Written contracts can not, by proof of contemporaneous parol agreements, be so varied. Walker v. Crawford, 56 Ill. 444–448; Johnson v. Glover, 121 Ill. 283; Mosher v. Roberts, 117 Ill. 446; Schultz v. Plankinton Bank, 141 Ill. 116; Heisen v. Heisen, 145 Ill. 658; McGinnis v. Fernandiz, 126 Ill. 228–232.

The further allegations that appellee has, by fraudulent doings, rendered the stock purchased by appellant practically worthless, and that the affairs of the bank are being wound up by a court of chancery, in which proceeding appellant, as an intervening petitioner, is endeavoring to recover a large sum from appellee on account of his fraudulent proceedings in the management of said bank, constituted no defense at law.

Damages arising from the fraudulent practices of appellee, by which it is alleged the stock of appellant has been rendered worthless, can not be set off as a defense to an action upon a promissory note.

The affidavits filed by appellant failed to show either a defense at law, or any equitable ground for setting aside the judgment.

What remedy appellant may have in other proceedings is a matter upon which we are not called to express an opinion.

The order of the Circuit Court refusing to set aside the judgment is affirmed.

GARY, J.   I dissent from the position that a variance may not be objected to in the court below; also that a release of errors in the cognovit has any effect in that court.