## Albert Gilmore v. The German Savings Bank.

1. JUDGMENT BY CONFESSION—*Motions to Open Not to be Granted for Errors of Law or Defects in the Proceedings.*—A motion by defendant to open a judgment by confession and for leave to plead, will not be granted for errors of law or mere irregularities or defects in the proceedings, unless a good defense on the merits is shown.

2. SAME—*Affidavits on Motion to Open to be Construed Against the Applicant.*—An affidavit in support of such a motion is construed most strongly against the applicant, and should state the facts which make out a meritorious defense, and not leave such defense a matter of inference.

3.  SAME—*Want of Consideration Not a Meritorious Defense.*—That the payee never gave a consideration for the note does not make a meritorious defense, as a consideration moving from a third party would support the note.

4.  PROMISSORY NOTES—*When the Legal Title Passes by Indorsement.* —In this State the legal title to a note payable to W. or bearer does not pass by delivery but only by indorsement.

5.  SAME—*When a Person in Possession is Presumed to be the Equitable Owner.*—A third person in possession of an unindorsed note payable to W. or bearer will be presumed to be the equitable owner, in the absence of any showing to the contrary.

6.  SAME—*Where a Judgment by Confession is Entered in the Name of the Equitable Owner of an Unindorsed Note Payable to W. or Bearer.*— Where judgment by confession is taken in his own name by the equitable owner of an unindorsed note payable to W. or bearer, the judgment will not be opened and leave given defendant to plead, where defendant does not show any meritorious defense to said note.

7.  SAME—*When a Plaintiff May Strike Out His Own Indorsement.*— Plaintiff's own indorsement on the back of a note will not defeat a recovery thereon, but he may strike it out or disregard it.

**Motion to Open a Judgment by Confession.**—Appeal from the Circuit Court of Iroquois County; the Hon. ROBERT W. HILSCHER, Judge, presiding.  Heard in this court at the April term, 1900.  Affirmed. Opinion filed June 8, 1900.

C. W. RAYMOND, attorney for appellant.

MORGAN & OREBAUGH, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The German Savings Bank filed in the court below in vacation a declaration against Albert Gilmore, a note dated June 27, 1898, and a power of attorney to confess judgment thereon, and affidavit of the execution of the power of attorney by defendant, and a plea of confession by defendant signed by an attorney of that court, and the clerk entered a judgment by confession for the bank and against Gilmore for $118.49, the amount stated in the plea of confession, which included an attorney's fee of $10.  At the next term of court defendant appeared and moved to recall the execution issued on said judgment and for leave to plead to the merits.  This motion was heard upon the affidavit of

defendant and the counter affidavit of the cashier of the bank. Objection was made to the latter which was over-ruled. Plaintiff remitted the $10 attorney's fee, and the motion for leave to plead was denied. This is an appeal from that order.

1. On a motion of this character the question is not whether the judgment shall be set aside for errors of law but whether there are equitable reasons why it should be opened to let in a defense. Such a judgment will not be opened for mere irregularities or defects in the proceedings, except where a good defense on the merits is shown. On such a motion relief will not be granted if it appears the debtor owes the amount of the judgment, and has no defense, either legal or equitable, to the debt for which the judgment is rendered. Blake v. State Bank, 178 Ill. 182; Mumford v. Tolman, 157 Ill. 258; Farwell v. Houston, 151 Ill. 239; Packer v. Roberts, 140 Ill. 9.

2. Defendant has not shown a meritorious defense. The note is payable to A. H. Warren or bearer. The suit is by the bank. The affidavit of defendant states that he has never promised to pay plaintiff any sum of money, nor is he now indebted to plaintiff in any sum of money whatever, and that no consideration of any kind or character has ever been given by said A. H. Warren for said note. These are all the statements in the defendant's affidavit bearing upon the question whether defendant has a meritorious defense to the debt evidenced by this note, and which has been merged in this judgment. The statement that he is not indebted to the bank, is but his legal conclusion from the facts hereafter stated relative to plaintiff's title to the note. He does not state that he has executed the note without receiving any consideration therefor, but only that A. H. Warren, the payee, has never given any consideration for the note. If there was a consideration for the note moving from some third party, that would be adequate to support the note. An affidavit in support of such an application is to be construed most strongly against the party making the application. Facts should be stated which make out a meri-

torious defense, and not merely facts from which it is possible to infer such a defense. Chicago Fire Proofing Company v. Park National Bank, 145 Ill. 481; Crossman v. Wohlleben, 90 Ill. 537. In the latter case defendant asked leave to plead, and set out by affidavit the facts which he claimed constituted a defense, and added an allegation that he had a good defense to the action upon the merits to the whole of plaintiff's demand. The court held the facts did not unequivocally show a defense on the merits, and affirmed a denial to the motion, notwithstanding the general allegations of a meritorious defense. Here the facts attending the execution and delivery of this note by defendant are not stated.

3. The note is payable to A. H. Warren or bearer. It is not assigned or indorsed by Warren. The rule at common law or by the law merchant is that title to such a note passes by delivery. (Randolph on Commercial Paper, sections 160, 654, 698, 1648; Anderson's Law Dict., title, "Bearer.") Section eight of our statute upon negotiable instruments provides that "any note, bond, bill or other instrument in writing, made payable to bearer, may be transferred by delivery thereof, and an action may be maintained thereon in the name of the holder thereof."

It is, however, held that that section applies only to instruments payable to bearer, and not to such as are payable to a particular person by name "or bearer," and that the latter instruments are governed by sections 3 and 4 of said act, and require an indorsement by the payee to transfer title. (Turner v. P. & S. R. R. Co., 95 Ill. 134; Garvin v. Wiswell, 83 Ill. 215; Roosa v. Crist, 17 Ill. 450; Hilborn v. Artus, 3 Scam. 344; Garfield v. Berry, 5 Ill. App. 355.) The bank, therefore, had not the legal title to the note, if said sections of the statute are still in force and apply to this note. If, however, section 1 of the amendatory act of June 4, 1895, restores the right of holders of such note by delivery only as at the law merchant, then the bank had the legal title to this note. But this question was not argued and we do not decide it.

4. It was held in Garvin v. Wiswell, *supra*, that though a bond payable to John Murphy or bearer could not be transferred so as to vest the legal title, except by indorsement, yet the equitable title might pass by sale or delivery. In People ex rel. v. Johnson, 100 Ill. 537, 547, it was held that the bond litigated in Garvin v. Wiswell, *supra*, had all the attributes of commercial paper. It is the doctrine of Tiedeman on Commercial Paper, section 247, that the transferee without indorsement of a note which requires an indorsement to convey the legal title, acquires thereby the equitable title, subject to all equities that might be set up against his transferer, and can bring suit thereon in the name of the payee in States where common law rules of pleading prevail. The bank had possession of this note. It brought it into court and filed it, and surrendered possession of it to the court, and caused it to be merged in this judgment. There is no presumption that the bank is not the equitable owner of the note for value duly paid. The only allegation of defendant's affidavit on this subject is as follows:

"That said A. H. Warren pretended to affiant to be a resident of Chicago, Illinois, while the plaintiff herein is a non-resident of the State of Illinois; and affiant believes that said plaintiff had no interest in said note, but that suit has been brought in the name of said plaintiff so that defense could not be made against said note the same as could be if suit were entered in the name of said A. H. Warren."

The source or ground of defendant's belief is not stated. No facts are set forth upon which such belief could be founded. The averment of plaintiff's mere belief amounts to nothing. But if defendant's belief is to be considered, the meaning of the affidavit is that defendant believes Warren caused this suit to be brought in the name of the bank to avoid a defense. If so, then Warren is bound by this proceeding; and the argument that the note may have been lost or stolen from Warren is obviated by the affidavit. It is also to be noted that this power of attorney gave authority in most general terms "to confess judgment for

Gilmore v. German Savings Bank.

such amount as may appear to be unpaid thereon," and contained no language usual in such instruments restricting the power to a confession in favor of the legal holder of the note.

5.   As before stated, all presumptions are against the applicant to open a judgment.   Whatever he does not show is presumed against him.   The case therefore made by this record is that the bank at the time judgment was entered was the equitable owner of the note and of the debt evidenced thereby, and that the only error was in taking judgment in its own name instead of the name of A. H. Warren, and that defendant has no defense on the merits to the note as against either Warren or the bank.   If the judgment were opened, plaintiff could obtain leave to amend the name of the plaintiff in declaration, *cognovit* and judgment, and upon such amendment being made, defendant would not have even a technical defense left, according to his affidavit.   The filing of the note was a surrender of it.   It is not outstanding, and it does not appear any harm can come to defendant because the bank did not use the name of Warren, as it lawfully might have done.   Recurring to the equitable reasons above stated, which must be shown to exist to entitle a defendant to have a judgment by confession opened and to be allowed to plead, this case is not brought within them.   The use of the wrong name as plaintiff was a mere irregularity or defect in the proceeding, an error of law, and no defense on the merits is shown as against either the present plaintiff or the proper plaintiff.   The debtor owes the amount of the judgment, and has no meritorious defense thereto.   He therefore was not entitled to the useless favor of filing a plea.

6.   The warrant of attorney authorized any attorney of any court of record not only to confess judgment but also " to release all errors which may appear in any such proceedings," and in the *cognovit* the defendant by his attorney released all errors that might intervene in entering the judgment.   In the absence of a meritorious defense, this release of errors would prevail.

7.   If it was an error to include attorney's fees in the

judgment, that has been cured by the remittitur. As it is claimed the counter affidavit of the cashier was incompetent we have not considered it, and finding the order here appealed from correct without considering said affidavit, the failure to sustain an objection to it did defendant no harm. The note has upon its back an assignment by plaintiff to "any bank or banker for collection," and it is argued that the bank had thereby parted with what title it had, and therefore could not have judgment. The indorsement upon a note by the party in possession does not defeat his title. (2 Randolph on Commercial Paper, section 777.) The existence of plaintiff's indorsement on the back of a note does not defeat his recovery thereon, but he may strike out or disregard the indorsement. (Henderson v. Davisson, 157 Ill. 379.) Defendant claims the court below should have given him a stay of execution after he perfected his appeal from the order denying leave to plead. Such a stay was granted by one of the justices of this court, and the question is no longer material.

The order is affirmed.