## Harris Trust & Savings Bank, Executor of last Will and Testament of David Eisenberg, Deceased, Appellee, v. William D. Neighbors and Joseph H. Hudlun, on appeal of Joseph H. Hudlun, Appellant.

## Gen. No. 26,038.

1. PLEADING—*aider of defects in statement of claim by confession of judgment.* In an action by an executor, such errors as may have existed by reason of deficiencies in the statement of claim, consisting of a failure to name either plaintiff or defendant therein except in the caption, and the absence of averments of the appointment of plaintiff as executor, were released by a confession of judgment.

2. JUDGMENT—*blanks in power of attorney as affecting judgment by confession.* Objections to a judgment upon a promissory note by confession, on the ground that the power of attorney to confess judgment was a nullity because it delegated no power to enter the appearance of any particular person or persons and failed to specify whether judgment was to be entered against either or both of the signers, *held* untenable although the appropriate words "us" and "our" were not written in their proper blank spaces.

3. JUDGMENT—*when grounds for setting aside confessed judgment insufficient.* A meritorious defense was not disclosed in a motion to set aside a confession of judgment upon a promissory note and for an opportunity to defend, although it was alleged in the affidavit that appellant did not receive any consideration for the signing of the note, where it was not alleged that the note was without consideration, as a consideration moving from a third person would have been sufficient to support the note.

4. JUDGMENT—*insufficiency of affidavit in support of motion to set aside default.* An affidavit in support of a motion to set aside a default judgment in favor of an executor on a promissory note, which alleged that the note had not been the property of testator but of a certain association of which defendant was a member, should have set up such facts as would have established the ownership as alleged.

5. JUDGMENT—*when fact of equitable title to note in another not ground for setting aside judgment confessed thereon.* Where the record established at least a legal title to a promissory note in an executor in whose favor a judgment by confession was rendered,

a motion to set aside the default was properly denied, although the equitable ownership of the note may have been in another.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed October 5, 1921. Rehearing denied October 17, 1921.

GEORGE H. SUGRUE, for appellant.

CHAPMAN, CUTLER & PARKER, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this appeal the appellant Hudlun seeks to reverse a judgment entered by the municipal court of Chicago, in favor of the plaintiff bank as executor, being a judgment by confession on a promissory note, signed by the two defendants, for the sum of $484.88. In support of the appeal it is first urged that the statement of claim is insufficient in law in that the body of the statement of claim fails to set forth the names of either the plaintiff or the defendants, except in the caption of the document known as the statement of claim and for the further reason that the statement lacks the necessary averments as to the appointment of the plaintiff as the executor and its right or power to sue as such in this case. As to this point it is sufficient to say, assuming that the matters referred to constitute deficiencies as the appellant contends, that they are such errors as were released by the confession of judgment and the court would not be warranted in reversing the judgment by reason of them. *Hall v. Jones,* 32 Ill. 38.

It is next contended that the power of attorney upon which the judgment was confessed was fatally defective and insufficient in law to authorize the entry of a judgment by confession. The power of attorney read as follows:

"And to secure the payment of said amount hereby authorize, irrevocably, any attorney of any court of record to appear for  *  *  *  in such court, in term time or vacation, at any time hereafter, and confess a judgment without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs,  *  *  *  dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that  *  *  *  said attorney may do by virtue thereof."

Following the note, and power of attorney as above quoted, are the signatures of the two defendants. It is urged that this power of attorney is a nullity and without force or effect in that it delegates no power to enter the appearance of any particular person or persons and fails to specify whether judgment was to be entered against either of the signers or both of them. In our opinion this contention is not tenable. In the judgment appealed from no amount was included for attorney's fees. While in the cases of *Allport v. Meutsch,* 166 Ill. App. 172, and *Packer v. Roberts,* 140 Ill. 9, the powers of attorney involved, being similar to the one involved in the case at bar, were followed by only one signature, we are of the opinion that the reasoning there set forth applies equally well to a situation where the power of attorney is followed by two signatures. Inasmuch as both defendants signed this power of attorney, it would seem that their intention was clearly and specifically set forth to the effect that they were thereby empowering any attorney to confess judgment against either or both of them, although the appropriate words "us" and "our" are not written in their proper blank spaces.

It is finally urged that the trial court erred in denying the appellant's motion, made a few days after the entry of the judgment and praying that the judg-

ment be set aside and they be given an opportunity to defend. We are of the opinion that this action of the court cannot be considered as error. The affidavit in question failed to disclose a meritorious defense. Although it alleged that the appellant did not receive any consideration for the signing of the note, it did not allege that the note was without consideration. Notwithstanding the allegations of the affidavit, a consideration for the note might have moved from some third party which would be sufficient to support it. *Gilmore v. German Sav. Bank,* 89 Ill. App. 442. The affidavit alleged that the note was not the property of David Eisenberg and had not been his property during his lifetime but that of a certain association of which the appellant was a member. The affidavit should have set up such facts as would have established the ownership as alleged. But, as urged by the appellee, even assuming the equitable ownership to be in another, the record establishes at least legal title in the plaintiff.

We find no error in the record and therefore the judgment of the municipal court is affirmed.

*Affirmed.*

O'CONNOR, P. J., and TAYLOR, J., concur.