First National Bank of New Paris, Ohio, Appellant, v. Minnie C. Royer, Appellee.

filed December 26, 1933.　　　　　　　　　　　　　　Opinion

PARKER & EAGLETON, for appellant.

JONES & LOWE, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

On April 19, 1931, appellee, Minnie C. Royer, and Harvey H. Royer executed and delivered to appellant, First National Bank of New Paris, Ohio, their judgment note, due on demand, for the sum of $650, with seven per cent interest. The warrant of attorney authorized a confession of judgment, after the obligation became due, and the release of all errors, with waiver of all rights of appeal.

On January 3, 1933, in vacation, appellant caused the note to be placed in judgment in the circuit court of Crawford county. The papers filed consisted of the declaration, note, warrant of attorney and proof of execution, together with the cognovit, which released all errors incident to the entry of the judgment.

The declaration properly described the note, except as to date, alleging that it was executed on August 19, 1931, instead of April 19, 1931.

Thereafter appellee filed her petition to vacate the judgment as invalid, averring, among other reasons, that the note was not due at the date of bringing suit; that the record failed to show any demand upon appellee for payment, before entering judgment, and hence the action was prematurely brought; that the declaration set forth that the note was executed on August 19, 1931, and that the note filed in support was dated April 19, 1931; that same constituted a fatal variance, in consequence of which the judgment was void.

Appellant demurred to the petition, which being overruled, it then filed its answer denying that judgment was prematurely taken; averring that the note was due on the date it was made; that no further demand was necessary, and that the declaration expressly alleged that appellee had failed and refused to make payment, though often requested so to do. Also, that the variance, as to date of the note's execution,

as set forth in the declaration, and the date upon the note filed, is immaterial, and is an error which was waived by the power of attorney, expressly authorizing a release of all errors in the entry of judgment.

Appellee's demurrer to the answer was sustained. Appellant refused to further plead. Order was entered, vacating the confessed judgment of January 3, 1933, and this appeal is for the review of such order.

Appellee urges that the warrant of attorney only authorized a confession of judgment, after the obligation "became due"; that, being payable on demand after date, appellant must first make demand for payment, and allege such fact in the declaration, in order to warrant bringing the action. It will be noted that the declaration expressly avers that the defendants (appellee and Harvey H. Royer), "although often requested," have not paid the amount of the note, or any part of same, "but refuse to pay." This is a distinct allegation that demand for payment was repeatedly made and settlement refused, and is a sufficient averment of demand, if one were necessary.

The most important question in the case is the effect of the variance between the date of execution of the note, and the date averred in the declaration, as to such fact. Appellee insists that such is a fatal defect, and renders the judgment void in its inception, while appellant contends that it is immaterial, and was waived by the express release of errors in the cognovit, executed pursuant to authority granted in the warrant of attorney.

The rule, as to release of errors, in confessed judgments, appears to be that where the cognovit, following a power granted in a warrant of attorney, expressly releases all errors which may occur, incident to the entering of the judgment, the effect is to waive or release all errors in such proceedings, except those which go to the lack of jurisdiction to enter the judg-

ment, or to the power under the warrant to confess same. *Hall v. Hamilton,* 74 Ill. 437; *Krickow v. Pennsylvania Tar Mfg. Co.,* 87 Ill. App. 653; 34 Corpus Juris, 108, sec. 287.

The extent to which the rule has been applied is illustrated by numerous decisions in this State. In *Hall v. Jones,* 32 Ill. 38, where the note upon which judgment was confessed was for the principal sum of $2,000 and the declaration averred it to be for $1,000, the court held the variance was such an error as was released by the cognovit. *Hall v. Hamilton, supra,* was a case where the declaration claimed damages to the amount of $614; the cognovit confessed $634 and judgment was entered for the latter amount; also, the cognovit was entitled in the circuit court of Cook county, while it was filed in the superior court of such county. The court ruled that the release of errors in the confession was conclusive upon the maker of the instrument, and precluded him from raising the questions. The case of *Adam v. Arnold,* 86 Ill. 185, was one where the note in question (upon which judgment was confessed) was a sealed instrument, payable at a particular place, yet was described in the declaration as unsealed, and payable generally. The court decided it was, at most, but a variance, and did not affect the validity of the proceedings.

In *Carpenter v. First Nat. Bank of Joliet,* 119 Ill. 352, 356, the judgment confessed was upon a note dated June 19; the declaration counted upon a note dated July 19. Judgment was opened upon motion, and leave granted to amend the declaration, to speak the truth. Objection was made that the judgment was void because of such variance, and that the court was powerless to permit the amendment. The court held otherwise, stating that the papers showed it to be but a clerical error, which the court had power to correct, and further said: "It was, moreover, such an error,

as was waived by the agreement, in the warrant of attorney and in the cognovit, to release errors.''

In *Mumford v. Tolman*, 54 Ill. App. 471, a declaration, in confession, averred the note to be ''payable on demand,'' while the note in fact was ''payable on demand after date.'' The court ruled: ''If this constitutes a variance, it is not such an one as could be taken advantage of by motion after judgment; moreover, the error in this regard, if such there was, is one which is released by the release of errors.'' This decision was affirmed by the Supreme Court, *Mumford v. Tolman*, 157 Ill. 258.

That there was power, under the warrant of attorney, to confess judgment, in the instant case, cannot be denied. That the court had jurisdiction of the subject matter and of the person of appellee, by virtue of the confession, pursuant to the authority of the power of attorney, cannot be contravened. Hence, within the rule as above stated, and the holdings of the cases cited, the error in the declaration, as to the date of execution of the note in question, was one which was released by the cognovit, following the power conferred by the warrant of attorney. The judgment was not void.

Appellee has cited the decisions in *Spangler v. Pugh*, 21 Ill. 85, and *Streeter v. Streeter*, 43 Ill. 155, 158, as announcing a different rule, where there is a variance in the amount of the note sued upon, and the amount as stated in the declaration. It will be observed that both of these cases were trials upon the merits, and the question in both arose upon objection to the notes, when offered in evidence. There was no question of release of errors by cognovit, hence they are not in point in the instant case.

*Chase v. Dana*, 44 Ill. 262, 263, is also referred to. Examination of this decision reveals that the note was dated April 24, 1856. The warrant of attorney, evi-

dently upon a separate paper, was dated June 4, 1858, or nearly two years later. The warrant authorized confession of judgment upon a note described as dated April 24, 1846, and bearing six per cent interest; whereas the note in question was for the principal sum with interest, without specifying the rate. Here the authority was to confess judgment upon a note of different date, and a different provision as to interest. There was nothing to show that the power granted was to confess on the note actually entered in judgment. This decision does not in anywise conflict with the other cited cases.

It is manifest, from a consideration of all the files in the case, that judgment was confessed upon the note executed by appellee, and that the date, as charged in the declaration, was a clerical error, which, within the rule as before stated, was released by the cognovit.

Appellee has not been harmed. The filing of the note in question was a surrender of it. No longer is it an outstanding obligation, nor can appellee be subjected to any further liability on its account. *Gilmore v. German Sav. Bank,* 89 Ill. App. 442, 447.

For the reasons indicated, we are of opinion that the answer stated a defense to the petition to vacate the judgment.

The judgment is reversed, and the cause is remanded, with directions to overrule the demurrer to appellant's answer.

*Reversed and remanded with directions.*